▋ In the Matter of BRENDEN O., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; INGRID P., Appellant. [798 NYS2d 250]—

Lahtinen, J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered June 24, 2004, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to find respondent in violation of provisions of a suspended judgment, and terminated respondent's parental rights.

Respondent is the mother of Brenden O. (born in 1999). In December 2003, the child was found by Family Court to be permanently neglected and, after a dispositional hearing, the court suspended judgment for 12 months subject to certain specific conditions. Shortly after the suspended judgment was issued, petitioner learned that respondent allegedly was violating several conditions of that judgment, including the provisions that she refrain from using alcoholic beverages or other intoxicating substances, that she have no contact with the

child's father and that she not make any threats against members of the foster family where the child resided. Following a hearing, Family Court issued a detailed written decision finding that respondent repeatedly violated terms of the suspended judgment. The court thus terminated her parental rights, freeing the child for adoption. Respondent appeals.

The sole argument advanced by respondent is that she did not receive the effective assistance of counsel. A respondent in a permanent neglect proceeding is entitled to the effective assistance of counsel and the applicable measure of effectiveness is the same as in a criminal proceeding (*see Matter of Matthew C.*, 227 AD2d 679, 682 [1996]). " 'So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation,' a [respondent's] constitutional right to the effective assistance of counsel will have been met" (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]; *see Matter of Leo UU.*, 288 AD2d 711, 713 [2001], *lv denied* 97 NY2d 609 [2002]). Respondent contends that, because the hearing date was moved forward from the originally scheduled date, her attorney did not prepare adequately for the hearing. Initially, we note that Family Court offered to consider a request for a continuance, but, after consulting with respondent, her attorney stated that she was "going to go forward . . . and not request continuance in accordance with [respondent's] wishes." Moreover, respondent's attorney thoroughly cross-examined petitioner's witnesses and made many successful objections. Review of the record reveals that respondent's attorney advocated her client's position with sufficient skill to clearly constitute meaningful representation (*see Matter of Anjoulic J.*, 18 AD3d 984, 987-988 [2005]). The fact that no witnesses were called on behalf of respondent does not constitute ineffective assistance of counsel where, as here, only speculation was offered as to the possible witnesses or evidence (*see Matter of James P.*, 17 AD3d 733, 734-735 [2005]; *Matter of Anthony OO.*, 258 AD2d 788, 790 [1999]). It is not the role of this Court to engage in speculative second-guessing (*see Matter of James HH.*, 234 AD2d 783, 785 [1996], *lv denied* 89 NY2d 812 [1997]).

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.