In the Matter of DANIEL BB., a Child Alleged to be Abused and Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KENNETH BB., Appellant. (And Another Related Proceeding.) [809 NYS2d 303]—

Peters, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered November 19, 2004, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondent's child to be abused and neglected.

Petitioner filed an abuse and neglect petition against respondent alleging that he had inserted the broken arm of a batman doll into the anus of his son, Daniel (born in 1998). Petitioner also filed a violation petition against respondent alleging that he willfully failed to obey a July 2003 order which required him to attend mental health counseling. Following a fact-finding hearing, Family Court found respondent to have violated its July 2003 order and further adjudicated Daniel to have been abused and neglected by respondent. Respondent appeals and we affirm.

Due to the loss of several exhibits by Family Court after the hearing, which include a series of medical photographs, respondent contends that a new trial is required because meaningful appellate review is precluded. We disagree. Despite their inability to be produced on appeal, the record reflects that the relevant photographs were taken by pediatric sexual assault nurse examiner, Rita Belmonte, during her examination of Daniel; they were admitted into evidence as part of Belmonte's testimony. She testified that certain of the photographs, taken by her with a culpascope which magnifies an area up to 35 times, revealed obvious scarring outside of Daniel's rectal verge,* consistent with a penetration injury from the outside in. Based upon her physical examination and a forensic analysis of the area, Belmonte testified that Daniel's injury was the result of a sexual assault. Since we find the photographs to be supplemental to Belmonte's testimony, the loss of these exhibits was not fatal (*see People v Glass*, 43 NY2d 283, 286 [1977]; *Matter of Roland R.*, 290 AD2d 278, 278 [2002]).

We agree with respondent's contention that Family Court erred when it admitted the results of a polygraph test that respondent took in connection with a mental health evaluation (*see Matter of Loren B. v Heather A.*, 13 AD3d 998, 999-1000 [2004], *lvs denied* 4 NY3d 710 [2005]). The test was administered by Richard Hamill, petitioner's mental health expert, in connection with his evaluation of respondent. Hamill's testimony, which included information from numerous sources— including a background check, personality test and a personal interview of respondent—reveals, however, that his analysis did not rest, in any significant degree, on the results of such test. As it is presumed that Family Court will rely only upon competent evidence (*see Matter of Rita VV.*, 209 AD2d 866, 868 [1994], *lv denied* 85 NY2d 811 [1995]), here, Family Court explicitly stated in its determination that its finding was not influenced "to any significant degree . . . by . . . reference to

---

* The rectal verge is the area on the inside of the rectum.

the respondent having failed the polygraph examination." Evaluating the further evidence from James Wolf, the senior caseworker assigned to investigate these allegations, and Angela Baris, petitioner's sexual abuse expert who interviewed the child, the record contains ample evidence to support Family Court's findings; any error in admitting the results of the polygraph test was harmless in these circumstances (*see Matter of Daniel R. v Noel R.*, 195 AD2d 704, 708 [1993]).

Finally, we reject any contention that respondent "received less than meaningful representation and that he suffered actual prejudice as a result of the claimed deficiencies" (*Matter of Jonathan LL.*, 294 AD2d 752, 753 [2002]). As this showing is evaluated " 'in totality and as of the time of the representation' " (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]; *accord Matter of Brenden O.*, 20 AD3d 722, 723 [2005]), despite a failure to object to the polygraph results, respondent's counsel conducted a thorough examination of all witnesses, questioned the validity of the polygraph results during her closing remarks and vigorously advocated for respondent (*see Matter of Anson v Anson*, 20 AD3d 603, 605 [2005], *lv denied* 5 NY3d 711 [2005]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.