■ In the Matter of CHRISTOPHER W. and Others, Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY W., Appellant. (And Another Related Proceeding.) [839 NYS2d 607]—

Crew III, J. Appeal from an order of the Family Court of Co-

lumbia County (Czajka, J.), entered June 26, 2006, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to extend placement of respondent's grandchildren and approve petitioner's amendment of the children's permanency plan.

Respondent is the maternal grandmother of the four children who are the subject of these proceedings. Although not entirely clear from the record, the children apparently were placed in respondent's care after their mother was found to have neglected them.* In any event, petitioner eventually became concerned about respondent's ability to care for the children and, in early 2003, placed the children in foster care and offered respondent various services. Ultimately, petitioner concluded that the children could not be safely returned to respondent's care and, to that end, commenced these proceedings to extend placement of the children and approve an amendment to the children's permanency plan allowing them to be freed for adoption. Following a permanency hearing, at which respondent appeared but did not testify, Family Court granted petitioner's applications. This appeal by respondent ensued.

Respondent's sole contention on appeal is that she was denied the effective assistance of counsel and, therefore, vacatur of the underlying order and remand for a new hearing is warranted. Specifically, respondent argues that counsel's decision to not have her testify, electing instead to highlight alleged deficiencies in petitioner's proof, together with counsel's alleged failure to provide Family Court with an appropriate and viable placement plan, evidenced an utter lack of strategy and amounted to ineffective assistance of counsel. We cannot agree.

To be sure, respondent was entitled to meaningful representation equivalent to that required in a criminal proceeding (*see Matter of Brenden O.*, 20 AD3d 722, 723 [2005]; *Matter of Curtis N.*, 288 AD2d 774, 776 [2001], *lv denied* 97 NY2d 610 [2002]). It is equally true, however, that it is not the role of this Court to second-guess counsel's trial strategy or tactics (*see Matter of James HH.*, 234 AD2d 783, 785 [1996], *lv denied* 89 NY2d 812 [1997]). Here, the record reveals that counsel made appropriate objections throughout the hearing, cross-examined petitioner's witnesses, moved to dismiss the petition at the close of proof and argued in favor of returning the children to respondent's care. Additionally, the decision not to have respondent testify certainly can be viewed as strategic in nature. Under such circumstances, we cannot say that respondent was denied the ef-

---

* It also appears that the mother's parental rights subsequently were terminated in a collateral proceeding.

fective assistance of counsel. Accordingly, the underlying order is affirmed.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.