In the Matter of ERIC G. and Another, Children Alleged to be Permanently Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL G., Appellant. [872 NYS2d 739]—

Cardona, P.J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered September 14, 2007, which granted petitioner's application, in a proceeding pursuant

to Social Services Law § 384-b, to adjudicate Eric G. and Michelle G. to be permanently neglected children, and terminated respondent's parental rights.

Respondent is the father of Eric G. (born in 1992) and Michelle G. (born in 1995). In October 2004, after having been removed from respondent's care and placed with their maternal grandmother, Eric and Michelle were deemed neglected and placed in petitioner's custody. In March 2006, petitioner commenced this permanent neglect proceeding against respondent seeking an adjudication that Eric and Michelle were permanently neglected.[1] Following fact-finding and dispositional hearings, Family Court found that respondent failed to plan for the future of the children, adjudicated Eric and Michelle to be permanently neglected and determined that it was in their best interests to terminate respondent's parental rights.[2] This appeal by respondent ensued.

Initially, we are unpersuaded by respondent's contention that petitioner failed to fulfill its statutory obligation to engage in diligent efforts to encourage and strengthen his parental relationship with his children (see Social Services Law § 384-b [7] [a], [c]). The evidence at the fact-finding hearing established that Eric and Michelle were removed from respondent's custody due in large part to the unsafe and uninhabitable conditions of his home which had been condemned by a code enforcement officer. After removal, petitioner provided respondent with various services, including caseworker counseling, homemaker services to assist respondent with parenting, home safety and household organization issues, service plan reviews and transportation to scheduled supervised visitation with the children. In addition, in connection with these services, respondent was referred to and received assistance from a youth advocacy program and he was also informed that he could obtain help with his home heating needs through the Home Energy Assured Program. Such services established, by clear and convincing evidence, that petitioner made relevant and meaningful efforts to assist respondent in resolving the circumstances that led to the removal of the children in order to reunite the family (see Matter of Sheila G., 61 NY2d 368, 373 [1984]; Matter of Isaiah F., 55 AD3d 1004, 1004-1005 [2008]; Matter of Andrew Z., 41 AD3d 912 [2007]).

---

1. A separate permanent neglect proceeding was also commenced against the mother seeking an adjudication that she permanently neglected said children as well as two of her other children.

2. Family Court also determined that the mother had permanently neglected all four children and terminated her parental rights.

Diligent efforts on the part of petitioner having been established, it was incumbent upon respondent to demonstrate, under the circumstances relevant herein, that he planned for the future of the children by taking the necessary steps to provide an adequate, stable home and parental care within a reasonable time given his existing financial circumstances (*see* Social Services Law § 384-b [7] [c]; *Matter of Star Leslie W.*, 63 NY2d 136, 143 [1984]; *Matter of Isaiah F.*, 55 AD3d at 1005). A parent's cooperation with and utilization of services recommended by the agency are taken into account in determining whether the parent's statutory obligation has been fulfilled (*see Matter of Jamie M.*, 63 NY2d 388, 393 [1984]; *Matter of Matthew C.*, 227 AD2d 679, 681 [1996]). At the very least, a parent must take meaningful steps to address the issues leading to the child's removal from the home (*see Matter of Matthew C.*, 227 AD2d at 681).

Here, the record establishes that, despite some progress during the two years the children were in petitioner's care, respondent did not successfully complete the recommended services. Rather than taking some responsibility for the removal of the children from his care, respondent claimed bias against him on the part of the code enforcement officer who condemned his residence, the caseworker, petitioner, the foster parents and Family Court. This attitude often led to respondent being uncooperative with the service providers and disruptive during visitation with the children. The assigned caseworker testified that respondent did not sufficiently benefit from the services or devise an appropriate plan for the return of the children.

Furthermore, with respect to the condition of his residence, although respondent had progressed with the repairs, the service providers testified that, at the time the permanent neglect proceeding was commenced, respondent's residence was still not suitable for the children's return. In view of the totality of circumstances herein, we cannot conclude that Family Court erred in finding that respondent permanently neglected his children.

Before turning to the dispositional order, we find without merit respondent's contention that counsel's failure to introduce respondent's testimony on the subject of his finances constituted ineffective assistance of counsel. Here, counsel sought to introduce evidence of respondent's financial status through other witnesses. Thus, the decision not to have respondent testify can be viewed as a trial strategy or tactic and will not be second-guessed by this Court (*see Matter of Christopher W.*, 42 AD3d 692, 693 [2007]). Moreover, upon our review of this record, we are satisfied that respondent received meaningful repre-

sentation and suffered no actual prejudice as a result of his attorney's representation (*see Matter of Chaquill R.*, 55 AD3d 975, 977 [2008]; *Matter of Brenden O.*, 20 AD3d 722, 723 [2005]).

Addressing the dispositional order, we note that the sole criterion to be considered at the dispositional hearing is the best interests of the children (*see* Family Ct Act § 631; *Matter of Princess C.*, 279 AD2d 825, 828 [2001]). Although we are mindful of the deference we accord to Family Court, upon this record, we cannot agree that terminating respondent's parental rights and freeing the children for adoption serves the best interests of the children. The record establishes that the children participated in regular weekly visitation with respondent following their removal from his care. Furthermore, we note that Eric never indicated a desire to be adopted and Michelle expressed her desire to return to respondent's home and/or be adopted by her sister who currently lives with respondent. Moreover, although the foster parents planned to adopt the younger siblings, there was no testimony that the foster parents intended to adopt Eric and Michelle. In addition, with respect to respondent's obligation to plan for the return of the children, we note that the repairs to his home have been completed.

Under these circumstances, and given the age of the children, there is inadequate support in the record to establish the need to terminate respondent's parental rights. Rather, we find that a suspended judgment would more appropriately serve the children's best interests (*see* Family Ct Act § 631 [b]; § 633; *Matter of Audrey I.*, 57 AD3d 1172, 1175 [2008]; *Matter of Lisa Z.*, 278 AD2d 674, 679-680 [2000]). Therefore, we remit the matter to Family Court for further dispositional proceedings with regard to the entry of a suspended judgment, the conditions and duration of which are to be determined by that court.

Finally, respondent's remaining contentions have been reviewed and found to be without merit.

Mercure, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law and facts, without costs, by reversing so much thereof as terminated respondent's parental rights; matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.