In the Matter of KAYTLIN TT., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SO-CIAL SERVICES, Respondent; BETTY SS., Appellant. (Proceeding No. 1.) (And Two Other Related Proceedings.) [876 NYS2d 232]—

Lahtinen, J. Appeals from two orders of the Family Court of Cortland County (Campbell, J.), entered January 4, 2008, which granted petitioner's applications, in three proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of three daughters, Kaytlin TT., Anastasia TT. and Courtney SS. (born in 2001, 2004 and 2005,

respectively). In July 2005, the two oldest children were placed in foster care (the youngest had not yet been born) based upon preliminary findings of neglect that included, among other things, that respondent's home was unsanitary and unsafe, Kaytlin had head sores from untreated lice, Anastasia had a chest infection that respondent did not adequately treat, respondent had engaged in self-mutilation, and respondent had consumed alcohol to the point of passing out on the lawn while her children were home. Respondent was also 26 weeks pregnant at the time and had not sought proper prenatal care. Eventually, a consent order in October 2005 resulted in a suspended judgment and the children returned to respondent, but she was directed to comply with various conditions including, among others, to undergo substance abuse and mental health counseling, participate in a domestic violence program, complete parenting classes and refrain from residing with any persons having a history of neglecting or otherwise harming children.

Another petition was filed in March 2006 alleging that Anastasia was an abused child (she had a fractured leg with no reasonable explanation) and that all three children were neglected. The three children were placed in a foster home at that time, and Family Court found, in an order entered in April 2006, that Anastasia was abused and that all three children were neglected. In that order, Family Court directed respondent to comply with various terms and conditions. Petitioner also successfully established that respondent had willfully violated the terms of the earlier suspended judgment.

In June 2007, petitioner commenced these three proceedings seeking to terminate respondent's parental rights based upon permanent neglect. After a fact-finding hearing, Family Court found that the children were permanently neglected and, following a dispositional hearing, respondent's parental rights were terminated, freeing the children for adoption. Respondent appeals.

The threshold issue in a permanent neglect proceeding is whether the agency exercised diligent efforts to develop and encourage the parent-child relationship (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Kaitlyn R.*, 279 AD2d 912, 913 [2001]). If such efforts are established, the analysis shifts to whether the parent nonetheless failed to maintain contact with or participate in plans for the child's future for the statutorily established period (*see* Social Services Law § 384-b [7]; *Matter of Gregory B.*, 74 NY2d 77, 87 [1989]; *Matter of Antonio EE. v Schoharie County Dept. of Social Servs.*, 38 AD3d

944, 945 [2007], *lv denied* 8 NY3d 813 [2007]). Here, when the children returned to petitioner's care following respondent's unsuccessful parenting under the suspended judgment, they exhibited a variety of serious problems including, among others, Anastasia's unexplained fractured leg, Kaytlin's decayed and abscessed teeth, and Courtney's misshaped skull (flat in the back and bulging on one side) from being left in her crib for protracted periods. These acute problems resulted in the need for a series of conditions and services for respondent. Contrary to respondent's contention, the record supports Family Court's conclusion that petitioner diligently worked to help respondent comply with those conditions and provided a host of services aimed at reuniting the family. Her caseworker testified that she had maintained regular (often daily) contact with respondent, providing preventive services and assisting in numerous referrals to programs for substance abuse, mental health counseling and domestic violence issues. Petitioner further coordinated regular visitation and offered parenting education.

Respondent asserts that petitioner's efforts were insufficient because the agency did not procure housing and a full-time job for her. We are unpersuaded. Her two convictions for welfare fraud (i.e., offering a false instrument for filing based on providing false information on applications for public assistance) hindered efforts to obtain public assistance and low-income housing for her. Her employment history reflects an inability to remain at a job for any meaningful period of time. While petitioner attempted to assist respondent in these areas, respondent ultimately has to take responsibility for the fact that her own actions resulted in her inability to maintain stable housing and employment.

The record amply supports Family Court's determination that respondent failed to plan for the children's future. Although she did participate in some classes, she did not adequately address her substance abuse and mental health issues, which were two of her primary problems. She failed to complete or participate in services made available to her that were aimed at addressing these issues. Moreover, she resided with individuals whose backgrounds included involvement with child protective services as a result of mistreating children. Also, despite being urged by her caseworker not to associate with a man with a history of child neglect, respondent married such individual.

Respondent's contention that Family Court misstated facts and relied upon evidence that was not part of the hearing has been considered and found to be unavailing. The record amply supports Family Court's determination. Respondent does not

challenge on appeal the disposition and, in any event, Family Court's dispositional order clearly provides for the best interests of the children, which is the sole criteria at such stage of the proceeding (*see Matter of Brandon OO.*, 302 AD2d 807, 807 [2003]).

Peters, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.