In the Matter of SIERRA C., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH D., Appellant. [902 NYS2d 216]—

Kavanagh, J. Appeals from two orders of the Family Court of

Cortland County (Campbell, J.), entered September 2, 2009 and October 21, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Sierra C. a permanently neglected child, and terminated respondent's parental rights.

While pregnant, respondent chronically abused drugs and, as a result, her child suffered severe withdrawal symptoms requiring that she be hospitalized for nearly three months immediately after her birth in 2007.[1] Upon her discharge from the hospital, the child lived with respondent for one month, but was subsequently placed in foster care because of respondent's continued addiction to drugs. In March 2008, Family Court determined that the child was neglected and issued a dispositional order requiring respondent to participate in a substance abuse treatment program, remain drug free and submit to counseling to address her long-standing mental health issues. Since that order was issued, the child has, but for a seven-month period in 2008, remained in foster care.[2]

One year later, in March 2009, petitioner commenced this proceeding alleging that the child was permanently neglected because respondent failed to comply with Family Court's dispositional order and continued to abuse drugs. Following fact-finding and dispositional hearings, Family Court adjudicated the child to be permanently neglected and terminated respondent's parental rights. Respondent appeals claiming that petitioner has not established that she permanently neglected the child or, in the alternative, that it was in the child's best interests to terminate her parental rights as opposed to suspending such a judgment to give her an opportunity to demonstrate that she could provide the child with appropriate care. We affirm.

Initially, we agree with Family Court's determination—which respondent does not challenge on appeal—that "petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship" (*Matter of Lawrence KK. [Lawrence LL.]*, 72 AD3d 1233, 1234 [2010] [internal quotation marks and citation omitted]; *see* Social Services Law § 384-b [7] [a]; *Matter of Jasper QQ.*, 64 AD3d 1017, 1020 [2009], *lv denied* 13 NY3d 706 [2009];

---

**1.** Because of respondent's addiction to drugs, her other children have been adjudicated by Family Court as neglected.

**2.** During this period, the child and respondent resided with the maternal grandmother, but the child was later returned to foster care when the grandmother was no longer able to physically provide for her basic needs and welfare.

*Matter of Laelani B.*, 59 AD3d 880, 881 [2009]; *see also Matter of Keegan JJ. [Amanda JJ.]*, 72 AD3d 1159, 1160 n 2 [2010]). Moreover, while petitioner has undoubtedly sought to assist respondent and put her in a position where she can ultimately be reunited with her child, respondent has failed to respond to those efforts by effectively addressing her addiction to illegal drugs and, at the same time, has not participated in the preparation of a plan that, if implemented, would provide for the child's future (*see* Social Services Law § 384-b [7] [a], [c]; *Matter of Gerald BB.*, 51 AD3d 1081, 1083-1084 [2008], *lv denied* 11 NY3d 703 [2008]).

In that regard, numerous witnesses and, in particular, drug treatment professionals, testified at the hearing to the fact that respondent continues to have a chaotic lifestyle that is marked by an addiction to illegal drugs. She has not been able to complete a substance abuse program and admits to, while in such a program, not attending scheduled meetings with her counselor and testing positive for the presence of illegal drugs. While respondent undoubtedly cares for her child—and has sought to visit with the child on a regular basis—the reality is that she has not benefitted from the services offered by petitioner or otherwise expressed "insight into the circumstances that caused the [child's] removal from her care" (*Matter of Audrey I.*, 57 AD3d 1172, 1174 [2008], *lv denied* 12 NY3d 704 [2009]; *see Matter of Laelani B.*, 59 AD3d at 881-882; *Matter of Destiny CC.*, 40 AD3d 1167, 1169 [2007]). By not taking advantage of this opportunity to address those conditions that led to the child's removal from her care, respondent has, in our view, effectively failed to plan for the child's future (*see Matter of Alaina E.*, 59 AD3d 882, 885-886 [2009], *lv denied* 12 NY3d 710 [2009]; *Matter of Eric G.*, 59 AD3d 785, 787 [2009]; *Matter of Isaiah F.*, 55 AD3d 1004, 1005-1006 [2008], *lvs denied* 11 NY3d 716 [2009]) and, as such, the finding of permanent neglect as rendered by Family Court was amply supported by clear and convincing evidence presented during the hearing (*see Matter of Kaytlin TT.*, 61 AD3d 1085, 1087 [2009], *lv denied* 13 NY3d 709 [2009]; *Matter of Angelica VV.*, 53 AD3d 732, 733 [2008]).

Nor are we persuaded by respondent's arguments that the best interests of the child would be served by the issuance of a suspended judgment and by not immediately terminating her parental rights (*see Matter of Carlos R.*, 63 AD3d 1243, 1245-1246 [2009], *lv denied* 13 NY3d 704 [2009]). In this regard, we note the obvious—respondent has simply refused to recognize the negative impact her addiction to drugs will inevitably have

on her child and how it has rendered her incapable of caring for the child or providing for the child's basic needs. We are also mindful of the fact that the child has developed a close bond with her foster parents and, by all accounts, is thriving in their care. In light of the aforementioned evidence, and "according deference to Family Court's determination given its opportunity to assess the demeanor and credibility of the witnesses, we cannot say that the court abused its discretion in terminating [respondent's] parental rights rather than granting a suspended judgment" (*Matter of Nevaeh SS. [Valerie L.]*, 68 AD3d 1188, 1190 [2009]; *see Matter of Carlos R.*, 63 AD3d at 1246; *Matter of Laelani B.*, 59 AD3d at 882).

Cardona, P.J., Mercure, Peters and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.