■ In the Matter of RONNIE P., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELLE Q., Appellant. (Proceeding No. 1.) In the Matter of AUBREY P., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELLE Q., Appellant. (Proceeding No. 2.) [909 NYS2d 775]—

Malone Jr., J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered October 13, 2009, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected.

In March 2008, respondent consented to the removal of her two sons (born in 1998 and 2000) from her care after she admitted to hitting her older son, causing welts and bruising on his arm and back. Three months thereafter, by order entered on respondent's consent, Family Court adjudicated the children to be neglected on the basis that respondent had failed to provide them with adequate supervision and guardianship by inflicting excessive corporal punishment—and by allowing her boyfriend to do the same—and then inducing the children to lie about it.* The court ordered that the children were to remain in petitioner's custody and imposed certain conditions upon respondent.

In March 2009, after the children had been in petitioner's custody for more than one year, petitioner commenced the instant permanent neglect proceedings. Following a fact-finding hearing, Family Court found that the mother had permanently neglected the children. At the conclusion of the subsequent dispositional hearing, Family Court issued a suspended judgment, which advised respondent that her failure to comply with the terms and conditions of that judgment could result in its revocation and the issuance of an order terminating her parental rights. Respondent appeals.

Initially, contrary to respondent's contention, there is clear and convincing evidence of petitioner's diligent efforts to encourage and strengthen the parent-child relationship between respondent and the children (see Social Services Law § 384-b [7] [a], [f]; Matter of Lawrence KK. [Lawrence LL.], 72 AD3d 1233, 1234 [2010], lv denied 14 NY3d 713 [2010]). The record reflects that petitioner made "reasonable attempts" to encourage the relationship (Social Services Law § 384-b [7] [f]) by assigning to respondent caseworkers who developed a case plan for the fam-

---

* As a result of the incident, respondent was convicted, upon her plea of guilty, of attempted assault in the third degree, endangering the welfare of a child, criminal possession of a weapon in the fourth degree, and two counts of obstructing governmental administration, and she was sentenced to a term of probation. Respondent's boyfriend was convicted of attempting to obstruct governmental administration and disorderly conduct. In addition, orders of protection were issued against respondent and her boyfriend, pursuant to which respondent was allowed contact with the children only under petitioner's supervision.

ily and recommended and offered various programs and counseling services to her. Petitioner also provided her with weekly visitation. The caseworkers emphasized the importance of respondent participating in the recommended services and informed her that she needed to develop a plan for the children's future by establishing a safe and suitable home, maintaining employment and severing her relationship with her boyfriend, who had physically abused and mentally traumatized the children. In addition, petitioner maintained contact with the children and their foster parents and ensured that the children received counseling.

While respondent claims that petitioner could have been more diligent by providing her with joint counseling sessions with the children, as her therapist had recommended in January 2009, the record reflects that the therapist recommended such sessions based upon her erroneous belief that respondent had severed her relationship with the boyfriend, when, in fact, respondent had not been truthful in that regard. Considering that the therapist testified that she would not have made the recommendation had she been aware that respondent had lied, the fact that petitioner did not arrange for the joint counseling sessions does not preclude a finding of diligent efforts by petitioner. Likewise, a finding of diligent efforts is not precluded by the fact that petitioner successfully sought a temporary suspension of respondent's visitation with the children considering that the record reflects that, during her visitation, respondent was pressuring the children to recant their allegations and tell the caseworkers that they wanted to be returned to respondent's care.

Next, we agree with Family Court's finding that respondent failed to plan for the future of the children (see Social Services Law § 384-b [7] [a], [c]). Although respondent participated in most of the programs recommended to her by petitioner and attended counseling sessions, the record reveals that respondent failed to benefit from them (see Matter of Joseph ZZ., 245 AD2d 881, 884 [1997], lv denied 91 NY2d 810 [1998]). For instance, respondent was repeatedly advised that her relationship with her drug-addicted and abusive boyfriend was an impediment to her regaining custody of the children. Despite respondent's insistence that she had ended the relationship, she was discovered to be in his company on numerous occasions, including an incident in which the boyfriend overdosed on drugs in a hotel room he was sharing with respondent. Her blatant dishonesty indicates that she failed to appreciate the gravity of the situation and that she failed to rectify the circumstances that caused

her to lose custody of the children in the first place (*see Matter of Mary MM. [Leuetta NN.]*, 72 AD3d 1427, 1429 [2010], *lv denied* 15 NY3d 703 [2010]). Moreover, at times, when respondent was not flatly denying her role in causing the children's injuries, she attempted to minimize the physical and emotional harm that she and the boyfriend had inflicted upon them. Accordingly, we agree with Family Court that the record contains clear and convincing evidence that respondent did not "take such steps as [were] necessary to provide an adequate, stable home and parental care" for the children (Social Services Law § 384-b [7] [c]; *see Matter of Sierra C. [Deborah D.]*, 74 AD3d 1445, 1447 [2010]).

Mercure, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.