■ In the Matter of DUANE FF., Alleged to be a Permanently Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HARLEY GG., Appellant. [62 NYS3d 566]——

Rumsey, J. Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered October 23, 2015 and January 4, 2016, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.

Respondent gave birth to the subject child in 2014 while she was incarcerated in the Clinton County jail awaiting transfer

to a state correctional facility.[1] Two days later, the child was placed in foster care and, shortly thereafter, petitioner filed a neglect petition.[2] After a hearing, Family Court determined that respondent neglected the child, and we affirmed its subsequent sua sponte modification of the child's permanency goal from return to parent to placement for adoption by petitioner (*Matter of Duane FF. [Harley GG.]*, 135 AD3d 1093, 1094-1096 [2016], *lv denied* 27 NY3d 904 [2016]). Meanwhile, in May 2015, petitioner commenced this permanent neglect proceeding. After a hearing, Family Court found that respondent had permanently neglected the child and, after a dispositional hearing, terminated respondent's parental rights as to the child. Respondent now appeals from the fact-finding order and the dispositional order.[3]

Respondent initially contends that petitioner failed to prove, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parent-child relationship during her incarceration. The record establishes that petitioner's caseworkers sent regular letters to respondent, and spoke with her by telephone, to inform her of the child's well-being and progress. They also provided respondent with correspondence from the child's foster mother, photographs of the child and medical information and arranged for delivery of letters and gifts from respondent to the child's foster home. The caseworkers discussed permanency planning with respondent on numerous occasions and investigated the individuals whom respondent suggested as placement resources. Petitioner was not required to facilitate visitation because it was not in the child's best interests in light of his "tender age" and the 300-mile distance between his foster home and respondent's correctional facility (*id.* at 1095; *see Matter of Bayley W. [Patrick K.]*, 146 AD3d 1097, 1100 [2017], *lv denied* 29 NY3d 907 [2017]; *Matter of Britiny U. [Tara S.]*, 124 AD3d 964, 966 [2015]; *Matter of Charles K. [Charles L.]*, 100 AD3d 1308, 1309 [2012]). Thus, we find that the record establishes, by clear and convincing evidence, that petitioner made diligent efforts to encourage and strengthen respondent's relationship with the subject child (*see*

---

**1.** Respondent is serving a seven-year prison term for which her earliest release date is in 2020.

**2.** The father's parental rights have been terminated (*Matter of Duane II. [Andrew II.]*, 151 AD3d 1129 [2017], *lv denied* 29 NY3d 918 [2017]).

**3.** "No appeal as of right lies from a fact-finding order in a permanent neglect proceeding, so respondent's appeal from that order must be dismissed; however, her appeal from the dispositional order brings the fact-finding order up for review" (*Matter of Aniya L. [Samantha L.]*, 124 AD3d 1001, 1002 n [2015] [citation omitted], *lv denied* 25 NY3d 904 [2015]).

*Matter of Walter DD. [Walter TT.]*, 152 AD3d 896, 897-898 [2017]; *Matter of Britiny U. [Tara S.]*, 124 AD3d at 966; *Matter of Charles K. [Charles L.]*, 100 AD3d at 1308-1309; *Matter of Trestin T. [Shawn U.]*, 82 AD3d 1535, 1536 [2011], *lv denied* 17 NY3d 704 [2011]).

We also reject respondent's contention that petitioner failed to demonstrate, by clear and convincing evidence, that she failed to plan for the future of the subject child. Upon investigation, each of the individuals that she suggested would be appropriate custodial placements pending her release from prison proved to be unavailable and/or unsuitable, and her alternate plan for the child to remain in long-term foster care until she is released from prison was not viable (*see Matter of Walter DD. [Walter TT.]*, 152 AD3d at 898; *Matter of Britiny U. [Tara S.]*, 124 AD3d at 966; *Matter of Trestin T. [Shawn U.]*, 82 AD3d at 1537). Thus, we find that Family Court properly determined that respondent permanently neglected the child.

"The sole concern at a dispositional hearing following a finding of permanent neglect is the best interests of the child" (*Matter of Bayley W. [Patrick K.]*, 146 AD3d at 1100-1101 [citation omitted]). Family Court's determination to terminate respondent's parental rights and free the child for adoption is in his best interests, in light of respondent's inability to care for him due to her incarceration, the resulting lack of a relationship between respondent and the child and the strong bond that the child has formed with his foster parents, who wish to adopt him (*see id.* at 1101).

Finally, we reject respondent's contention that she was denied the effective assistance of counsel. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, a respondent's constitutional right to the effective assistance of counsel will have been met" (*Matter of Brenden O.*, 20 AD3d 722, 723 [2005] [internal quotation marks, brackets and citations omitted]). Respondent argues that her attorney was not prepared to present a defense because he had not adequately communicated with her; however, when Family Court explored her request for a new attorney at the fact-finding hearing, she agreed that she had had sufficient communications with her attorney and did not object to continuation of the hearing. Her argument that trial counsel provided ineffective assistance of counsel by failing to call potential custodial resources as witnesses likewise lacks merit in light of the substantial record evidence that the proposed resources were unwilling to serve

as a resource and/or were unable to provide a satisfactory environment for the child (*see Matter of Eric G.*, 59 AD3d 785, 788 [2009]; *Matter of Brenden O.*, 20 AD3d at 723). Upon a review of the record, we conclude that respondent was provided with meaningful representation (*see Matter of Eric G.*, 59 AD3d at 787-788; *Matter of Daniel BB.*, 26 AD3d 687, 689 [2006]; *Matter of Brenden O.*, 20 AD3d at 723).

Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur. Ordered that the appeal from the order entered October 23, 2015 is dismissed, without costs.

Ordered that the order entered January 4, 2016 is affirmed, without costs.