Matter of Derick L. (Michael L.) (2018 NY Slip Op 07983)





Matter of Derick L. (Michael L.)


2018 NY Slip Op 07983


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

523607

[*1]In the Matter of DERICK L., Alleged to be a Permanently Neglected Child. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL L., Appellant. (And Nine Other Related Proceedings.)

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Sandra M. Colatosti, Albany, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Michael R. Godlewski of counsel), for respondent.
Alexandra G. Verrigni, Rexford, attorney for the child.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered August 3, 2016, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Derick L. to be permanently neglected.
Respondent is the father of three children (born in 2005, 2007 and 2009). In 2008, the two older children were placed in foster care. The children were gradually returned to their parents' care but, in 2010, the three children were removed due to a stream of hotline reports, one of which concerned the middle child climbing out of a window and onto the building's roof. In 2012, petitioner commenced these proceedings against respondent [FN1]. Following lengthy hearings, Family Court, in an August 2016 order, found, as relevant here, that respondent neglected and derivatively neglected the two younger children and that he permanently neglected and [*2]abandoned the older child. As a consequence of the abandonment finding, Family Court terminated respondent's parental rights with respect to the older child and no dispositional hearing was held regarding the permanent neglect finding. Respondent now appeals.
As an initial matter, we note that no appeal as of right exists from a fact-finding order in a permanent neglect proceeding (see Matter of Zyrrius Q. [Nicole S.], 161 AD3d 1233, 1233 n 2 [2018], lv denied 32 NY3d 903 [2018]; Matter of Duane FF. [Harley GG.], 154 AD3d 1086, 1087 n 3 [2017], lv denied 30 NY3d 908 [2018]). We nevertheless treat respondent's notice of appeal from the August 2016 order as an application for leave to appeal and grant such application (see Matter of Lamar LL. [Loreal MM.], 86 AD3d 680, 680 n 1 [2011], lv denied 17 NY3d 712 [2011]). That said, to the extent that the father challenges the permanent neglect finding with respect to the older child, the appeal is not moot because such finding creates a permanent and significant stigma that may affect respondent's status in future proceedings (see Matter of Matthew C., 227 AD2d 679, 680 [1996]). For this reason, even though petitioner and the attorney for the children have advised this Court that respondent's parental rights have been terminated with respect to the two younger children, we also reject their contention that respondent's appeal from that part of the order finding that respondent neglected the two younger children is moot (see Matter of Mahogany Z. [Wayne O.], 72 AD3d 1171, 1172 [2010], lv denied 14 NY3d 714 [2010]).
As to Family Court's determination of permanent neglect, petitioner demonstrated by clear and convincing evidence that it made diligent efforts to encourage and strengthen respondent's relationship with the older child (see Matter of Zyrrius Q. [Nicole S.], 161 AD3d at 1233-1234; Matter of Joannis P. [Joseph Q.], 110 AD3d 1188, 1190 [2013], lv denied 22 NY3d 857 [2013]; Matter of Eric G., 59 AD3d 785, 786 [2009]). The evidence from the hearing indicates that a plethora of classes and resources were offered to respondent, including those to help with parenting and keeping a clean house, supervised visitations were arranged when the older child was in foster care and mental health counseling was provided to respondent and the older child. Additionally, caseworkers were assigned to help with the reunification process and service plans were created to assist with such process. Accordingly, Family Court's finding that it "would be hard-pressed to conclude that [petitioner's] efforts have been less than plenteous" is supported by the record (see Matter of Asianna NN. [Kansinya OO.], 119 AD3d 1243, 1245 [2014], lv denied 24 NY3d 907 [2014]).
The record also supports Family Court's determination that, despite petitioner's diligent efforts, respondent failed to meaningfully plan for the older child's future (see Matter of Jessica U. [Stephanie U.], 152 AD3d 1001, 1004-1005 [2017]; Matter of Samuel DD. [Margaret DD.], 123 AD3d 1159, 1162 [2014], lv denied 24 NY3d 918 [2015]; Matter of Nicole K. [Melissa K.], 85 AD3d 1231, 1232-1233 [2011]). In this regard, Family Court found, and the record confirms, that respondent missed parenting classes and counseling sessions and that he failed to show significant improvement notwithstanding the offered services. Respondent was also resistant to implementing parenting tips suggested by the caseworkers to help with managing the older child's behavior problems. Multiple witnesses testified that respondent's residence was in a deplorable and unsanitary condition — for example, animal excrement and trash were on the floor, a foul odor emanated from the residence, clutter blocked the hallways and unwashed dishes were found on the floor, tables, sink and counter. One caseworker testified that respondent did not see anything wrong with the housing conditions. Accordingly, we are satisfied that clear and convincing evidence supports Family Court's determination of permanent neglect (see Matter of Destiny EE. [Karen FF.], 123 AD3d 1165, 1167-1168 [2014]; Matter of [*3]Havyn PP. [Morianna RR.], 94 AD3d 1359, 1361-1362 [2012]; Matter of Ronnie P. [Danielle Q.], 77 AD3d 1094, 1097 [2010]; Matter of Douglas H. [Catherine H.], 1 AD3d 824, 825 [2003], lv denied 2 NY3d 701 [2004]).[FN2]
As to Family Court's determination that respondent abandoned the older child, the record evidence establishes that respondent, although able to do so and not prevented or discouraged from doing so by petitioner, failed to visit or communicate with the older child or petitioner during the six-month period prior to the filing of the abandonment petition (see Matter of Dimitris J. [Sarah J.], 141 AD3d 768, 769 [2016]; Matter of Dustin JJ. [Clyde KK.], 114 AD3d 1050, 1051 [2014], lv denied 23 NY3d 901 [2014]; Matter of Carter A. [Jason A.], 111 AD3d 1181, 1182-1183 [2013], lv denied 22 NY3d 862 [2014]). A casework testified that respondent was scheduled to have visitations with the older child twice a month for a three-hour period. Respondent, however, visited with the older child only once and, in that one instance, he left after 45 minutes unbeknownst to the older child. Respondent stated that his medical condition limited his ability to travel. Yet, respondent admitted that, during the applicable six-month period, he was able to go to his court appearances, as well as to an amusement park on two separate occasions. Furthermore, even though not required to do so, petitioner offered respondent transportation services to enable visitations with the older child (see Matter of Devin XX., 20 AD3d 639, 640 [2005]). Although respondent also attended one of the older child's medical appointments, such minimal contact does not suffice to constitute a visitation with the older child (see Matter of Jacob WW., 56 AD3d 995, 997 [2008]). In view of the foregoing, we find no basis to disturb Family Court's determination to terminate respondent's parental rights with respect to the older child based on abandonment (see Matter of Jazmyne OO. [Maurice OO.], 111 AD3d 1085, 1087-1088 [2013]; Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1616 [2012], lv denied 19 NY3d 812 [2012]).
As to the determination of neglect with respect to the two younger children, Family Court found, among other things, that respondent failed to provide a suitable home environment for the two younger children and, in our view, the record supports this finding. In addition, the evidence from the hearing established that respondent stopped taking his mental health medication and, after doing so, he acted in an abusive manner to the children's mother while in the children's presence. As such, petitioner demonstrated by a preponderance of the evidence that respondent neglected the two younger children (see Matter of Ahriiyah VV. [Rebecca VV.], 160 AD3d 1140, 1142 [2018], lv denied 31 NY3d 911 [2018]; Matter of Zackery D. [Tosha E.], 129 AD3d 1121, 1122-1123 [2015]; Matter of Alexis AA. [John AA.], 91 AD3d 1073, 1073-1074 [2012], lv denied 18 NY3d 809 [2012]). Based on the record evidence, we also reject respondent's assertion that Family Court's finding of derivative neglect was in error (see Matter of Alexander Z. [Melissa Z.], 129 AD3d 1160, 1164 [2015], lv denied 25 NY3d 914 [2015]; Matter of Shannen AA. [Melissa BB.], 80 AD3d 906, 909 [2011], lv denied 16 NY3d 709 [2011]). Respondent's remaining arguments have been examined and are without merit.
Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Petitioner also commenced proceedings against the children's mother, which concerned the subject children, as well as the mother's two other children.

Footnote 2: In light of this determination, respondent's claim that Family Court erred in concluding that he failed to maintain contact with the older child is academic given that "[f]ailure to plan and failure to maintain contact are alternative bases for a finding of permanent neglect" (Matter of Kayden E. [Luis E.], 111 AD3d 1094, 1097 [2013] [citation omitted], lv denied 22 NY3d 862 [2014]; see Matter of George U., 195 AD2d 718, 720 [1993]).