Matter of Daniel K. (Mildred K.--Roger K.) (2019 NY Slip Op 04822)





Matter of Daniel K. (Mildred K.--Roger K.)


2019 NY Slip Op 04822


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


179 CAF 17-00884

[*1]IN THE MATTER OF DANIEL K., JOSEPH K., WALTER K., JR., AND WYATT K. 
ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; MILDRED K., RESPONDENT-APPELLANT, AND ROGER K., RESPONDENT.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT. 
JOHN G. KOSLOSKY, UTICA, ATTORNEY FOR THE CHILDREN
PAUL L. CHAPMAN, SYRACUSE, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered March 31, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent Mildred K. had neglected the subject children. 
It is hereby ORDERED that said appeal insofar as it concerns the finding of neglect is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, found that she neglected one of the subject children and derivatively neglected the other three subject children, and placed them in the custody of petitioner. The mother contends that Family Court erred in its finding of derivative neglect. That contention, however, "is not reviewable on appeal because it was premised on [her] admission of neglect and thereby made in an order entered on consent of the parties" (Matter of Jenessa L.M. [Shawn C.P.], 160 AD3d 1434, 1435 [4th Dept 2018] [internal quotation marks omitted]). Furthermore, we note that, to the extent the mother contends that she did not consent to the finding of derivative neglect, her contention is not properly before us inasmuch as she raises it for the first time on appeal (cf. Matter of Paige K. [Jay J.B.], 81 AD3d 1284, 1284 [4th Dept 2011]). To the extent that the mother contends that any purported consent to the finding of derivative neglect was not knowing, voluntary, and intelligent, we note that she did not move to vacate her admission to having derivatively neglected the subject children, and thus that contention is also not properly before us (see Matter of Kh'Niayah D. [Niani J.], 155 AD3d 1649, 1650 [4th Dept 2017], lv denied 31 NY3d 901 [2018]; Matter of Martha S. [Linda M.S.], 126 AD3d 1496, 1497 [4th Dept 2015], lv dismissed in part and denied in part 26 NY3d 941 [2015]; Matter of Julia R., 52 AD3d 1310, 1311 [4th Dept 2008], lv denied 11 NY3d 709 [2008]).
We reject the mother's further contention that the court erred in determining that it was in the best interests of the two youngest derivatively neglected children to continue their placement in petitioner's custody. We conclude that the court's determination to that effect "reflect[s] a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and [is] supported by a sound and substantial basis in the record" (Martha S., 126 AD3d at 1497 [internal quotation marks omitted]).
The mother's contention that she was denied a fair hearing because the Attorney for the Children made prejudicial remarks on summation is not preserved for our review (see generally Matter of Brooklyn S. [Stafania Q.—Devin S.], 150 AD3d 1698, 1699-1700 [4th Dept 2017], lv denied 29 NY3d 919 [2017]; Matter of Jamel Isaiah R., 18 AD3d 558, 558 [2d Dept 2005]; Matter of Brian QQ., 166 AD2d 749, 750 [3d Dept 1990]). In any event, that contention is without merit, inasmuch as the court in a nonjury case "is presumed to have considered only competent evidence in reaching [its determination]" (People v Clinkscales, 277 AD2d 930, 931 [4th Dept 2000], lv denied 96 NY2d 733 [2001]; see Matter of Daniel BB., 26 AD3d 687, 688 [3d Dept 2006]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court