■ In the Matter of Devin XX., a Child Alleged to be Abandoned. Chemung County Department of Social Services, Respondent; Randolph XX., Appellant. [797 NYS2d 661]—

Spain, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered June 22, 2004, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be abandoned, and terminated respondent's parental rights.

Devin was placed in foster care following his February 2003 birth upon his mother's surrender of her parental rights. Respondent, incarcerated at the time, was then informed by petitioner that his child had been born. The child has remained with the same foster family ever since. In January 2004, a petition was filed to terminate respondent's parental rights on the ground of abandonment. Following a fact-finding hearing, Family Court found that petitioner demonstrated, by clear and

convincing evidence, that respondent had abandoned the child and terminated his parental rights. Respondent appeals.

We affirm. A judicial determination of abandonment will not be disturbed if clear and convincing evidence supports the finding that "during the six-month period immediately prior to the date of the filing of the petition, respondent failed to visit or communicate with the child or petitioner although able to do so, if not prevented or discouraged from doing so by petitioner" (*Matter of Arianna SS.*, 275 AD2d 498, 499 [2000]). Within the context of an abandonment proceeding, petitioner is under no obligation to exercise diligent efforts to encourage a parent to establish a relationship with his or her child (*see Matter of Yvonne N.*, 16 AD3d 789, 790 [2005]).

Here, the petition was filed on January 9, 2004 and, thus, the six-month measuring period commenced on July 9, 2003. During that time, respondent's only contact concerning the child was on December 30, 2003, during a telephone conversation with his caseworker in which he requested visitation. This solitary telephone call was insufficient to defeat petitioner's claim of abandonment (*see Matter of Jovantay U.*, 298 AD2d 641, 642 [2002]). Respondent's contention that petitioner actively discouraged him from having meaningful contact with the child by neglecting to organize and implement a visitation program is equally without merit. Aside from the isolated request for visitation and custody, respondent—who has never seen the child—never inquired into the child's whereabouts or contacted the foster parents. Respondent also neglected to present any plan for supporting the child or to establish visitation and, up until the present proceedings, voiced reservations as to whether he was the child's father.

Petitioner, although not obligated to do so, exhibited great diligence and conducted investigative work which uncovered respondent's identity and whereabouts, initiated contact and arranged for an in-person meeting with him, providing contact information and avenues for achieving a meaningful relationship with the child. Accordingly, Family Court's finding of abandonment was warranted here.

Respondent further contends that Family Court evidenced a predisposition to terminate his parental rights, thus depriving him of his constitutional right to due process. While certain comments by the court to the foster mother regarding the child's future may have been inartful and premature, the record reflects that Family Court clearly based its determination upon the facts established at the hearing and made an objective determination thereon (*see Matter of Vann v Herson*, 2 AD3d 910,

911 [2003]; *Matter of Murdock v Murdock*, 183 AD2d 769, 769 [1992]). Finally, we reject respondent's assertion that Family Court erred in not seeking a recommendation from the Law Guardian who—as the attorney for the child—actively and effectively participated in these proceedings. While law guardians "may make their positions known to the court orally or in writing (by way of, among other methods, briefs or summations)" (*Weiglhofer v Weiglhofer*, 1 AD3d 786, 788 n [2003]), courts should not ask law guardians for their "recommendations." Law guardians are advocates, not advisors to the court.

Cardona, P.J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.