■ In the Matter of MALIQ M., an Infant. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; VIDAL W., Appellant. [851 NYS2d 330]—

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.), entered November 3, 2006 in a proceeding pursuant to Family Court Act article 6. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights on the ground of abandonment. The record belies the contention of the father that he was not allowed to present a defense. A child is abandoned if the parent "evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Social Services Law § 384-b [5] [a]), and "[t]he subjective intent of the parent, whether expressed or otherwise, unsupported by evidence of the foregoing parental acts manifesting such intent, shall not preclude a determination that such parent has abandoned his or her child" (§ 384-b [5] [b]). Here, the father was precluded only from presenting evidence concerning the period prior to the six-month period before the petition was filed (*see Matter of Lindsey B.*, 16 AD3d 1078 [2005]), and his incarceration is not a defense to the abandonment petition (*see Matter of Annette B.*, 4 NY3d 509, 514 [2005], *rearg denied* 5 NY3d 783 [2005]; *Lindsey B.,* 16 AD3d at 1078). The evidence presented at the hearing established that, in the six months

prior to the filing of the petition, the father had little or no contact with the child, and we conclude on the record before us that the father failed to rebut the presumption that he abandoned his child (*see Lindsey B.,* 16 AD3d at 1078). Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.