Stein, J.
Appeal from an order of the Family Court of Schuyler *996 County (Argetsinger, J.), entered January 8, 2008, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent’s children to be abandoned, and terminated respondent’s parental rights.
Respondent is the mother of the three subject children (born in 1994, 1996 and 1999). Although respondent and the children’s father shared joint custody, the children were placed with the father and he was in charge of authorizing respondent’s visits with them. In May 2006, the children’s father voluntarily placed them in foster care due to his poor health. Before the children were actually placed, Matthew Wolcott, the children’s initial foster care worker, attempted to notify respondent by letter of the impending placement. When Wolcott later became aware that respondent had expressed an interest in visitation with the children, he wrote to her again in September 2006. Having received no response to that letter, Wolcott contacted respondent by telephone and discussed arranging a meeting at her mother’s home at her convenience to discuss the terms of visitation. Respondent never called back to schedule that meeting. Notwithstanding those and other attempts made by Wolcott and another caseworker to contact respondent in order to facilitate visitation between respondent and her children, respondent’s only other contact with either caseworker took place at a separate court proceeding on December 11, 2006 and at a prepermanency planning meeting on December 15, 2006. At the latter meeting, respondent acknowledged to Wolcott that she had known that the children were in foster care since June 17, 2006 and indicated that she wanted them returned to her care. However, when she was advised that that was not currently a viable option and asked if she was interested in beginning visitation instead, respondent indicated that she was not sure.
Over the next several months, respondent’s mother contacted the children’s foster parents directly and arranged for the children to attend three family gatherings—on Christmas in 2006 and on Easter and Memorial Day in 2007—at which respondent was present. However, during these gatherings, each of which lasted for several hours, respondent’s interaction with the children was perfunctory and almost exclusively consisted of brief greetings and farewells that the children were encouraged by their foster parents to initiate. Respondent never initiated or engaged in any other contact with the children from May 8, 2006 until the commencement of this proceeding by petitioner in June 2007 to terminate respondent’s parental rights. Family Court found the children to be abandoned by respondent and terminated respondent’s parental rights, prompting this appeal. We affirm.
*997 A finding of abandonment will be upheld if there is clear and convincing evidence that the parent intended to forgo his or her parental rights and obligations (see Social Services Law § 384-b [5] [a]; Matter of Devin XX., 20 AD3d 639, 640 [2005]). Such an intent is manifested by a failure of the parent, in the six months prior to commencement of the proceeding, to visit the children and communicate with the children or agency having custody, despite the ability to do so and “if not prevented or discouraged from doing so by [the agency]” (Matter of Devin XX., 20 AD3d at 640 [internal quotation marks and citation omitted]; see Social Services Law § 384-b [5] [a]). Absent contrary evidence, an ability to visit and communicate with the children will be presumed (see Social Services Law § 384-b [5] [a]; Matter of Chantelle TT., 281 AD2d 660, 661 [2001]). Once the agency establishes a lack of visits and communication, the burden shifts to the parent to establish that he or she maintained sufficient contact with the children or agency (see Matter of Yvonne N., 16 AD3d 789, 790 [2005]). It has long been held that sporadic or unsubstantial contact is insufficient, particularly where the contact was initiated by a third party rather than the parent (see Matter of Yvonne N., 16 AD3d at 790; Matter of Chantelle TT., 281 AD2d at 661; Matter of Candice K., 245 AD2d 821, 822 [1997]; Matter of Leabert V., 174 AD2d 883, 884 [1991]; Matter of Crawford, 153 AD2d 108, 112 [1990]).*
Here, there was absolutely no evidence of any efforts made by respondent herself to visit or communicate with her children, nor did she personally initiate any communication with petitioner or the foster parents for the requisite six-month period. In fact, although petitioner was not required to show that it made diligent efforts to encourage respondent to visit or communicate with her children (see Social Services Law § 384-b [5] [b]; Matter of Devin XX., 20 AD3d at 640), petitioner and the children’s foster parents did make efforts to facilitate visitation, to no avail. Under these circumstances, the minimal contact between respondent and the children initiated by respondent’s mother does not constitute visitation. Nor was there any evidence to rebut the presumption of respondent’s ability to visit and communicate with the children. In addition, inasmuch as respondent failed to testify at the hearing, Family Court was entitled to draw the strongest inference that the opposing evidence permits against her (see Matter of Nassau County Dept. of *998 Social Servs. v Denise J., 87 NY2d 73, 79 [1995]). Based on all the evidence, including evidence of the children’s positive adjustment to their foster home and the desire of the foster parents to adopt them, we find that Family Court properly determined that respondent abandoned the children and terminated her parental rights.
Cardona, EJ., Spain, Rose and Malone Jr., JJ, concur. Ordered that the order is affirmed, without costs.

 We are unpersuaded by respondent’s argument that the application of this principle should be limited to adoption proceedings under Domestic Relations Law article 7, especially since Social Services Law § 384-b (4) (b) expressly refers to Domestic Relations Law § 111.