In the Matter of FONCHASITY H. and Another, Infants. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; TERRY H., Appellant. [870 NYS2d 660]—

Memorandum: Respondent father appeals from an order terminating his parental rights with respect to his two daughters upon a finding that he had abandoned them (*see* Social Services Law § 384-b [4] [b]; [5]). Contrary to the contention of the father, petitioner met its burden of establishing by clear and convincing evidence that he failed to visit his daughters or to communicate with them or petitioner, although able to do so, during the six-month period immediately preceding the filing of the petition (*see Matter of Annette B.*, 4 NY3d 509, 513-514 [2005], *rearg denied* 5 NY3d 783 [2005]; *Matter of Tonasia K.*, 49 AD3d 1247 [2008]). A caseworker for petitioner testified at the fact-finding hearing that the father, who was incarcerated, failed to communicate with or to contact petitioner within the statutory period, and that the children indicated to her that they had not spoken with their father during that period. Contrary to the further contention of the father, his incarceration during the statutory period did not relieve him of his responsibility to communicate with the children or petitioner (*see Matter of Anthony T.*, 35 AD3d 1201 [2006], *lv denied* 8 NY3d 809 [2007]; *see also Matter of Maliq M.*, 48 AD3d 1251 [2008], *lv denied* 10 NY3d 710 [2008]; *Matter of Lindsey B.*, 16 AD3d 1078 [2005]). We conclude that Family Court properly determined that it was in the best interests of the children to terminate the father's parental rights and to free them for adoption (*see generally Matter of Anthony T.*, 208 AD2d 985, 986 [1994], *lv denied* 85 NY2d 801 [1995]).

We have considered the father's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Smith, Centra and Fahey, JJ.