■ In the Matter of JAYDEN R., a Child Alleged to be Permanently Neglected. LUIS R., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [881 NYS2d 32]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about May 18, 2007, which, to the extent appealable, found, after a hearing, that the mother permanently neglected the child, terminated her parental rights and awarded custody of the child to petitioner agency and the Commissioner of Social Services for purposes of adoption by his foster mother, unanimously affirmed, without costs.

The father defaulted in appearing at the hearing which considered whether his consent was required for the child's adoption. No appeal lies from this default (*see Matter of Myles N.*, 49 AD3d 381, 382 [2008], *lv denied* 11 NY3d 709 [2008]).

Even if the court were to consider the issue on the merits, the father cannot establish that he satisfied the criteria set forth in Domestic Relations Law § 111 (1) (d). He testified that although he was working on a regular basis for the last $1^1/_2$ years, he failed to provide support for the child and he admitted that he did not visit the child or communicate with the foster mother for at least 10 months. Accordingly, the court properly found that the father's consent was not required for the child's adoption.

A preponderance of the evidence demonstrated that it was in the child's best interests to be freed for adoption by the foster

mother, with whom he had lived for four years. Agency records indicated that all of his physical, medical and emotional needs were being met by the foster mother. The father contends that the foster mother is too old to properly care for the child and he was improperly denied an adjournment of the dispositional hearing which would have enabled him to present two additional witnesses. While age is a factor to be considered, it is not the only or, necessarily, a dispositive factor in determining whether a child's best interests would be served by the adoption (*see Matter of Jennifer A.*, 225 AD2d 204, 207 [1996], *lv denied* 91 NY2d 809 [1998]). The foster mother has demonstrated her ability and willingness to care for the child and adequate backup resources are available. In contrast, the father showed limited interest in the child since his placement in foster care, and returned him to the mother after an incident where she placed him in a dangerous situation. Furthermore, based on the father's offer of proof, the testimony of the witnesses he sought to present would have been cumulative or irrelevant. Concur—Saxe, J.P., Friedman, Sweeny, Acosta and Freedman, JJ.