■ In the Matter of JAZMIN MARVA B. and Another, Children Alleged to be Permanently Neglected. CECILE MARVA B., Appellant; McMAHON SERVICES FOR CHILDREN, Respondent, et al., Respondent. [899 NYS2d 220]—

570

Orders, Family Court, New York County (Susan K. Knipps, J.), entered on or about February 19, 2009, which, upon findings that respondent mother permanently neglected the subject children and that respondent father permanently neglected the child Janiyah F., terminated respondents' parental rights, and committed custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect against the mother was supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]). The record establishes that the agency made diligent efforts to encourage and strengthen the parental relationship, including, inter alia, working with the mother to formulate a service plan, maintaining frequent contact with her, scheduling visits between the mother and the children, referring her for individual therapy and taking steps to assist her in obtaining suitable housing (see Matter of Aisha T., 55 AD3d 435 [2008], lv denied 11 NY3d 716 [2009]). Despite these diligent efforts, the mother failed to plan for the children's future by failing to obtain the required treatment and appropriate housing. The father also failed to plan for his child's future by not obtaining appropriate housing (see Matter of Gina Rachel L., 44 AD3d 367, 368 [2007] [finding of permanent neglect supported by failure to "take steps to correct the conditions that led to the removal of his daughter"]), and where he did not file for paternity until well after his daughter had been in care.

A preponderance of the evidence supports the determination that the termination of parental rights to facilitate the adoptive process was in the best interests of the children. The children have lived with their foster parents for most of their lives and are provided with a loving and supportive home (see Matter of Racquel Olivia M., 37 AD3d 279, 280 [2007], lv denied 8 NY3d 812 [2007]).

The father's argument that the court should have entered a suspended judgment is unpreserved. In any event, suspending judgment was not in Janiyah's best interests, as she has bonded with her foster family and "there [is] no evidence of a parental relationship with [the father] sufficient to justify delay of the adoptive process" (Matter of Jazminn O'Dell P., 39 AD3d 235 [2007]). Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.