■ In the Matter of PAUL ANTOINE DEVONTAE R., a Child Alleged to be Permanently Neglected. CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent; PAUL R., Appellant. [912 NYS2d 191]—

Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about June 8, 2009, which, inter alia, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject child and committed his custody and guardianship to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports the court's finding that despite the agency's diligent efforts, respondent permanently neglected his son (see Social Services Law § 384-b [7] [a]). The record establishes that although respondent was required to "maintain contact with the child through consistent and regular visitation" (Matter of Aisha C., 58 AD3d 471, 472 [2009], lv denied 12 NY3d 706 [2009]), he did not offer a viable excuse for his failure to visit his son from June 2006, after the case conference, until October 2006, when he was incarcerated. Respondent's incarceration during the statutory period did not relieve him of his responsibility to communicate with his child (Matter of Fonchasity H., 57 AD3d 1525, 1526 [2008]), and once respondent did establish contact with the agency via a March 2007 telephone call, a visit between his son and his children with his fiancé was scheduled, but the meeting was never attended. Furthermore, respondent's duty to plan did not abate with his incarceration, and he failed to plan for his child's future by not obtaining appropriate housing (see Matter of Jazmin Marva B. [Cecile Marva B.], 72 AD3d 569 [2010]).

A preponderance of the evidence shows that the termination of respondent's parental rights was in the child's best interests (see generally Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The record shows that the child's best chance for a stable family life lies in his adoption by his foster mother, in whose care he has been since he was two years old and who tends to his needs (see Matter of Prudical Antonio D., 37 AD3d 244, 245 [2007], lv denied 8 NY3d 813 [2007]).

Respondent was not denied his due process rights when the court denied his request to adjourn the dispositional hearing so that he could be present in person rather than by telephone, as respondent participated in the fact-finding hearing via telephone and failed to demonstrate a compelling reason for further delay of the proceedings (Matter of Jasper QQ., 64 AD3d 1017, 1019 [2009], lv denied 13 NY3d 706 [2009]). Equally unavailing is respondent's argument that it was error to preclude him from calling the foster mother as a witness to testify as to an incident that occurred in her home between a former foster child and another child, since the subject child was not present at the

time of the incident, the foster mother was subsequently found without fault and any further testimony was irrelevant to the purpose of the dispositional hearing (*see e.g. Matter of Jayden R.*, 61 AD3d 486, 487 [2009]). Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.