■ In the Matter of LE'AIRRA CC., Alleged to be an Abandoned Child. ALBANY COUNTY DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES, Respondent; CHRISTOPHER DD., Appellant. [911 NYS2d 699]—

Cardona, P.J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered January 26, 2010, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Le'Airra CC. an abandoned child, and terminated respondent's parental rights.

Respondent, the father of Le'Airra CC. (born in 2008), was incarcerated at the time of her birth and remained incarcerated throughout these proceedings. Soon after the child's birth, petitioner sent respondent a letter at the correctional facility where he was incarcerated informing him of the child's placement in foster care as well as his rights and obligations as her father. Shortly thereafter, respondent wrote a letter to the caseworker, Michelle Brodhead, expressing his desire to talk to a caseworker and to be informed about the child's placement. Brodhead did not respond to the letter. Approximately two months later, in October 2008, respondent called Brodhead and she informed him that the child was in petitioner's care in an Albany County foster home, but she did not give him the foster parents' address or telephone number. They also discussed the plan that needed to be made for the child's future. Respondent called Brodhead again in November 2008 and had a similar discussion. Thereafter, petitioner sent respondent monthly status letters as well as the permanency reports relating to the child. However, respondent did not contact petitioner again until after this proceeding, which seeks to terminate his parental rights on the ground of abandonment, was commenced

in July 2009. Following a hearing, Family Court granted the petition, prompting this appeal.

A parent will be found to have abandoned his or her child when, for the six months immediately preceding the date of filing of the petition, he or she fails to visit or communicate with the child or the agency although able to do so and not prevented or discouraged by the agency (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Annette B.*, 4 NY3d 509, 513-514 [2005]). Although an incarcerated parent is unable to visit the child, the ability to communicate is presumed absent proof to the contrary (*see Matter of Annette B.*, 4 NY3d at 514).

Here, respondent admitted at trial that he did not contact the child or petitioner during the six-month period immediately preceding the filing of the petition—specifically, January 10, 2009 to July 10, 2009. Although he claims to have requested information about the child either personally or through counsel when appearing in court on different matters, and notes that he read the letters and permanency reports sent to him by petitioner, we do not agree with his contention that such minimal and insubstantial contacts are sufficient to preclude a determination of abandonment (*see Matter of Kerrianne AA. [Linda AA.]*, 1 AD3d 835, 837 [2003], *lv denied* 1 NY3d 507 [2004]). Nor are we persuaded that petitioner discouraged respondent's attempts to communicate with Brodhead or, through her, with the child (*see* Social Services Law § 384-b [5] [a]) or that communication was not feasible. Although there were apparently some restrictions on respondent's telephone use due to his incarceration, Family Court found that he presented no credible evidence explaining why, during the relevant period, he was unable to call Brodhead, who testified that she would have accepted collect calls (*see Matter of Jackie B. [Dennis B.]*, 75 AD3d 692, 693-694 [2010]). Moreover, respondent admitted that he could have written to petitioner but did not until after he received notice of the termination petition (*see Matter of Nevaha J.*, 56 AD3d 989, 991 [2008], *lv denied* 11 NY3d 716 [2009]). Accordingly, we find that petitioner proved by clear and convincing evidence that respondent abandoned the child.

As a final matter, we note that Family Court did not err in sustaining objections to questions posed by respondent's counsel aimed at demonstrating a lack of diligent efforts on petitioner's part, since diligent efforts to encourage contact are not required in support of a petition alleging abandonment (*see* Social Services Law § 384-b [5] [b]; *Matter of Kaitlyn E. [Lyndsay E.]*, 75 AD3d 695, 697 [2010]). Respondent's remaining contentions are either unpreserved or without merit.

Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.