■ In the Matter of LAMAR LL. and Others, Children Alleged to be Abandoned. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LOREAL MM., Appellant. (And Another Related Proceeding.) [927 NYS2d 185]—

Peters, J.P.

Respondent is the mother of three children (born in 2004, 2005 and 2007), all of whom were removed from her care in the fall of 2007 and placed with relatives. Respondent consented to a finding of neglect in August 2008 and the children's placement was continued. In September 2009, petitioner commenced these proceedings seeking to terminate respondent's parental rights on the grounds of abandonment and permanent neglect. Following a fact-finding hearing, Family Court found that respondent had abandoned the children, terminated her parental rights and dismissed the permanent neglect petition as moot. Respondent appeals.[1]

The sole issue raised by respondent is that the proof was insufficient to establish abandonment. A finding of abandonment is warranted when it is established by clear and convincing evidence that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the filing of the petition (see Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Stephen UU. [Stephen VV.]*, 81 AD3d 1127, 1128 [2011], *lv denied* 17 NY3d 702 [2011]; *Matter of Gabriella I. [Jessica J.]*, 79 AD3d 1317, 1318 [2010], *lv denied* 16 NY3d 704 [2011]). "A parent's ability to

---

1. Although respondent improperly appeals from the fact-finding order, rather than the dispositional order (*see* Family Ct Act § 1112 [a]), we treat the notice of appeal as an application for leave to appeal and grant such application (*see Matter of Jared WW.*, 56 AD3d 1009, 1010 n [2008]).

visit and/or communicate with his or her child is presumed, and once a failure to do so is established, the burden is upon the parent to prove an inability to maintain contact or that he or she was prevented or discouraged [by petitioner] from doing so" (*Matter of Jackie B. [Dennis B.]*, 75 AD3d 692, 693 [2010] [citations omitted]; *see Matter of Jacob WW.*, 56 AD3d 995, 997 [2008]).

Testimony from petitioner's caseworker and the children's foster parents established that respondent's last contact with the children was in September 2008, and that she did not attempt to communicate or visit with them during the relevant period from March 17, 2009 to September 17, 2009. The caseworker testified further that respondent contacted her only twice during the relevant period, the first to request assistance in admission to a detoxification program and the second to schedule a meeting at the shelter where she was staying.[2] Although respondent asked about the children during one of those conversations, she did not request to visit with them. Such sporadic and insubstantial communications were wholly insufficient to defeat petitioner's claim of abandonment (*see Matter of Gabriel D. [Andrea D.]*, 68 AD3d 1505, 1506-1507 [2009], *lv denied* 14 NY3d 703 [2010]; *Matter of Malikah MM.*, 40 AD3d 1173, 1174 [2007]).

Nor did respondent offer any evidence to show that she was unable to visit or communicate with the children during the statutory time period or that petitioner prevented or discouraged her from contacting them. Moreover, her failure to testify permitted Family Court to draw the strongest inference that the opposing evidence permits against her (*see Matter of Jacob WW.*, 56 AD3d at 997). Although respondent claims that petitioner made an insufficient effort to involve her in the children's lives by failing to share information about the children with her and not offering her visits with them, petitioner was not required to show that it undertook diligent efforts to encourage respondent's visitation or communication with the children in the context of this abandonment proceeding (*see* Social Services Law § 384-b [5] [b]; *Matter of Kaitlyn E. [Lyndsay E.]*, 75 AD3d 695, 697 [2010]; *Matter of Mahogany Z. [Wayne O.]*, 72 AD3d 1171, 1172-1173 [2010], *lv denied* 14 NY3d 714 [2010]; *Matter of Devin XX.*, 20 AD3d 639, 640 [2005]). Based on this evidence, Family Court properly determined that respondent abandoned the children.

---

**2.** Notably, respondent failed to attend the substance abuse evaluation scheduled by the caseworker at her request and was not present at the shelter at the time designated for the meeting with the caseworker.

Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.