■ In the Matter of JAMAICA M. and Another, Children Alleged to be Abandoned. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HAKEEM N., Appellant. [934 NYS2d 560]—

Peters, J.

Respondent is the father of a son and a daughter (born in 2002 and 2009, respectively). In July 2009, the children were removed from their mother's care and placed in petitioner's custody, where they have remained. Respondent sporadically visited the children while they were in foster care until November 2009, when he informed the family specialist from the foster care agency that he was going into a "mandatory program" and would not be able to visit the children. In May 2010, petitioner commenced this proceeding seeking to terminate respondent's parental rights on the ground of abandonment.[1] After a fact-finding hearing, Family Court found that respondent, who had been incarcerated since December 11, 2009, had abandoned the children. Following a dispositional hearing, respondent's parental rights were terminated and the children were freed for adoption. This appeal ensued.[2]

"A finding of abandonment is warranted when it is established by clear and convincing evidence that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the filing of the petition" (*Matter of Lamar LL. [Loreal MM.]*, 86 AD3d 680, 680 [2011], *lv denied* 17 NY3d 712 [2011] [citations omitted]; *see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Annette B.*, 4 NY3d 509, 513 [2005]; *Matter of Stephen UU. [Stephen VV.]*,

---

1. The petition also alleged abandonment by the mother, who thereafter failed to appear at any point in the proceeding. Family Court ultimately found that she had abandoned the children and terminated her parental rights.

2. Respondent filed an appeal from only the fact-finding order, which is not appealable as of right (*see* Family Ct Act § 1112 [a]; *Matter of Jason FF.*, 224 AD2d 900, 900 [1996]). We will, however, treat the notice of appeal as an application for leave to appeal and grant the application (*see* Matter of Lamar LL. [Loreal MM.]*, 86 AD3d 680, 680 n 1 [2011], *lv denied* 17 NY3d 712 [2011]).

81 AD3d 1127, 1128 [2011], *lvs denied* 17 NY3d 702 [2011]). "Incarcerated parents have a responsibility to communicate with their children and, unless there is evidence to the contrary, they are presumed able to do so" (*Matter of Anthony I.*, 61 AD3d 1320, 1321 [2009] [internal quotation marks and citations omitted]; *see Matter of Annette B.*, 4 NY3d at 513; *Matter of Le'Airra CC. [Christopher DD.]*, 79 AD3d 1203, 1204 [2010], *lv denied* 16 NY3d 706 [2011]).

Here, it is undisputed that respondent had no contact with his children or petitioner during the relevant six-month period, which ran from November 24, 2009 to May 24, 2010. Thus, it was respondent's burden to establish that, during this period, he was unable to maintain contact or prevented or discouraged from doing so by petitioner (*see* Social Services Law § 384-b [5] [a]; *Matter of Jackie B. [Dennis B.]*, 75 AD3d 692, 693 [2010]). This respondent failed to do. Although confined for the majority of the relevant time period, respondent conceded that he was able to make telephone calls and send letters and, in fact, contacted his sister during that time using both methods. Furthermore, petitioner's caseworker and the family specialist from the foster care agency both testified that they provided respondent with their contact information prior to his incarceration. While respondent testified that he did not know he could contact his children while in prison, he provided no basis for his belief in that regard (*see Matter of Jackie B. [Dennis B.]*, 75 AD3d at 693) and, in any event, his incarceration did not relieve him of the obligation to communicate with petitioner or its representatives (*see Matter of Stephen UU. [Stephen VV.]*, 81 AD3d at 1129; *Matter of Le'Airra CC. [Christopher DD.]*, 79 AD3d at 1204; *Matter of Jackie B. [Dennis B.]*, 75 AD3d at 693). Nor is there any evidence that petitioner or its caseworkers discouraged respondent from contacting the children. While respondent contends that petitioner made insufficient efforts to locate and contact him while he was incarcerated, petitioner was under no obligation in the context of this abandonment proceeding to undertake diligent efforts to encourage respondent to visit or communicate with the children (*see* Social Services Law § 384-b [5] [b]; *Matter of Lamar LL. [Loreal MM.]*, 86 AD3d at 681; *Matter of Mahogany Z. [Wayne O.]*, 72 AD3d 1171, 1172-1173 [2010], *lv denied* 14 NY3d 714 [2010]; *Matter of Devin XX.*, 20 AD3d 639, 640 [2005]). Accordingly, we find clear and convincing evidence supporting Family Court's determination that respondent abandoned the children.

Finally, inasmuch as respondent did not appeal from the dispositional order, his arguments relating to the propriety of

Family Court's disposition are not properly before us (see *Matter of Rebecca KK.*, 40 AD3d 1195, 1196 n [2007], *lv denied* 9 NY3d 811 [2007]; *Matter of Erika G.*, 289 AD2d 803, 804 [2001]).

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.