The father failed to appear at the fact-finding hearing, which considered whether his consent was required for the children’s adoption. Accordingly, no appeal lies from that aspect of the orders (see Matter of Pedro A. v Susan M., 95 AD3d 458 [1st Dept 2012]; Matter of Jayden R., 61 AD3d 486, 486 [1st Dept 2009]).
Even if this Court considered the issue on the merits, the father failed to establish that he satisfied the criteria set forth in Domestic Relations Law § 111 (1) (d). Indeed, the father admitted that he had not provided consistent child support while the children were in foster care, despite having the means to do so (see § 111 [1] [d] [i]; see Matter of Isis S.C. [Lamont C.], 88 *636 AD3d 602, 603 [1st Dept 2011]). The agency’s alleged failure to inform the father of his parental obligations did not excuse him from fulfilling those obligations (see Matter of Cassandra Tammy S. [Babbah S.], 89 AD3d 540, 540 [1st Dept 2011]).
The Family Court properly denied the father’s application for a suspended judgment, as that disposition was not available to him. As a notice-only father, his rights were limited to notice and an opportunity to be heard at the dispositional hearing as to the best interests of the children (see Domestic Relations Law § 111-a). He could not obtain custody of the children at the hearing, since he did not file a petition under article 6 of the Family Court Act. Concur — Mazzarelli, J.E, Sweeny, Renwick, Richter and Román, JJ.