*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                    520996
_____

In the Matter of COLBY II.,
    Alleged to be an
    Abandoned Child.

ALBANY COUNTY DEPARTMENT FOR
    CHILDREN, YOUTH AND                    MEMORANDUM AND ORDER
    FAMILIES,
                    Respondent;

CHALMERS JJ.,
                    Appellant.
_____

Calendar Date:  April 22, 2016

Before:  Garry, J.P., Egan Jr., Clark and Mulvey, JJ.

_____

        Monique McBride, Albany, for appellant.

        Thomas Marcelle, County Attorney, Albany (Jeffrey G.
Kennedy of counsel), for respondent.

        Jeffrey S. Berkun, Albany, attorney for the child.

_____

Clark, J.

        Appeal from an order of the Family Court of Albany County
(Maney, J.), entered April 16, 2015, which granted petitioner's
application, in a proceeding pursuant to Social Services Law
§ 384-b, to adjudicate Colby II. to be an abandoned child, and
terminated respondent's parental rights.

        Respondent is the unwed father of a son (born in 2002), who
resided with his biological mother until August 2013, when he was

removed from her custody and placed in the care and custody of petitioner. On October 7, 2014, petitioner commenced this proceeding to terminate respondent's parental rights on the ground of abandonment.[1] A fact-finding hearing was then held on the issue of abandonment, and Family Court reserved decision. The court subsequently determined that "a decision cannot be made on [the] abandonment petition absent proof on the threshold issue of whether respondent is a parent whose consent to an adoption would be required" and reopened the fact-finding hearing for that purpose (see Social Services Law § 384-b [4] [b]; Domestic Relations Law § 111 [1] [d]). At the ensuing hearing, the parties stipulated that respondent was "a consent father for the child." Family Court thereafter determined that respondent abandoned the child and terminated his parental rights. Respondent appeals.

We affirm. "A finding of abandonment is warranted when it is established by clear and convincing evidence that[,] during the six-month period immediately prior to the date of the filing of the petition, a parent evinces an intent to forego his [or her] parental rights as manifested by his [or her] failure to visit or communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by that agency" (Matter of Gabrielle HH., 306 AD2d 571, 572 [2003] [internal quotation marks and citations omitted], affd 1 NY3d 549 [2003]; see Matter of Erving BB. [Lynette EE.], 111 AD3d 1102, 1103 [2013]). "In this regard, '[a] parent's ability to maintain contact with his or her child is presumed — including a parent who is incarcerated'" (Matter of Dustin JJ. [Clyde KK.], 114 AD3d 1050, 1050 [2014], lv denied 23 NY3d 901 [2014], quoting Matter of Ryan Q. [Eric Q.], 90 AD3d 1263, 1264 [2011], lv denied 18 NY3d 809 [2012]).

Here, petitioner produced evidence that, during the six months preceding the filing of the petition, respondent visited the child on two occasions, attended the child's permanency

---

[1] The mother's parental rights were terminated in January 2015.

hearing, twice applied for custody and visitation[2] and left one telephone message requesting contact with the child. Respondent initiated no other contact with the child or petitioner. The record further reveals that, although petitioner was not required to prove that it exercised diligent efforts to assist respondent in maintaining contact with the child (see Social Services Law § 384-b [5] [b]; Matter of Gabrielle HH., 1 NY3d 549, 550 [2003]), petitioner's caseworker visited respondent in jail to discuss potential visits with the child and advise him that he could send letters to the child through her or another caseworker. The caseworker also twice attempted to return respondent's phone message and sent him several letters. However, respondent did not notify petitioner of his release from jail, failed to keep petitioner apprised of his address and telephone number and never followed up on his phone call to petitioner, even though "it is a parent's obligation to maintain contact with the child or the agency" (Matter of Crawford, 153 AD2d 108, 111 [1990]). "Respondent's sporadic[,] infrequent [and] insubstantial contacts were insufficient to defeat [petitioner's showing] of abandonment" (Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1615-1616 [2012] [citations omitted], lv denied 19 NY3d 812 [2012]; see Matter of Dustin JJ. [Clyde KK.], 114 AD3d at 1051; Matter of Gabriel D. [Andrea D.], 68 AD3d 1505, 1506 [2009], lv denied 14 NY3d 703 [2010]).

As petitioner established that respondent failed to maintain contact with the child for the statutory period, the burden shifted to respondent to demonstrate that he was unable to maintain contact with the child or that he was discouraged or prevented from doing so (see Matter of Dustin JJ. [Clyde KK.], 114 AD3d at 1050-1051; Matter of Carter A. [Jason A.], 111 AD3d 1181, 1183 [2013], lv denied 22 NY3d 862 [2014]; Matter of Jamal B. [Johnny B.], 95 AD3d at 1616). Respondent failed to satisfy this burden. Respondent's incarceration did not excuse his

_____

[2] One of these petitions was dismissed because respondent was incarcerated and unable to take custody of the child at the time, and the other petition was adjourned in October 2014 because of respondent's reincarceration.

failure to contact petitioner or the child.[3]  He did not attempt any form of communication with the child, including, as the caseworker suggested, writing letters (see Matter of Hayden II. [Renee II.—Devan JJ.], 135 AD3d 997, 999 [2016], lv denied 27 NY3d 904 [2016]; Matter of Le'Airra CC. [Christopher DD.], 79 AD3d 1203, 1204 [2010], lv denied 16 NY3d 706 [2011]). Furthermore, contrary to respondent's contention, petitioner did not discourage his contact with the child by informing him that the child did not want to visit him in jail, as respondent declined jail visits before learning of the child's wishes, and the caseworker testified that she would have brought the child for visits if respondent had made such a request. Moreover, aside from leaving one phone message for petitioner and filing a custody petition, respondent made no meaningful attempt to maintain a relationship with the child during the roughly two months that he was released from jail. Accordingly, as respondent failed to establish that his incarceration or other claimed difficulties "'so permeated his life as to make contact with his child or petitioner during the relevant time period infeasible'" (Matter of Leala T., 55 AD3d 1007, 1008 [2008], quoting Matter of Alexander V., 179 AD2d 913, 915 [1992] [brackets omitted]), the finding of abandonment was warranted (see Matter of Dustin JJ. [Clyde KK.], 114 AD3d at 1051; Matter of Ryan Q. [Eric Q.], 90 AD3d at 1264-1265).

Further, Family Court did not abuse its discretion in precluding respondent from introducing evidence of contact outside of the six-month period (see Matter of Maliq M., 48 AD3d 1251, 1251 [2008], lv denied 10 NY3d 710 [2008]). Family Court was not required to admit such evidence simply because it allowed the parties to stipulate that, based on respondent's conduct prior to the statutory period, respondent was a parent whose consent was required for the child's adoption (see Domestic Relations Law § 111 [1] [d]; Matter of William B., 47 AD3d 983, 984-985 [2008], lv denied 11 NY3d 702 [2008]). Contrary to respondent's contention, the fact that the parties entered into

_____

[3] Although respondent was released after his incarceration in April 2014, he was reincarcerated on the same charges in September 2014 and ultimately pleaded guilty.

the stipulation after Family Court received proof on the issue of abandonment, but before it rendered a determination on that issue, does not require reversal (see generally Matter of Blake I. [Richard H.–Neimiah I.], 136 AD3d 1190, 1191 [2016]).

Finally, Family Court did not abuse its discretion by not holding a dispositional hearing – which is not required in proceedings such as this one – in view of respondent's prolonged failure to contact the child or petitioner, as well as the length of time that the child remained in petitioner's care and custody (see Matter of Mahogany Z. [Wayne O.], 72 AD3d 1171, 1173 [2010], lv denied 14 NY3d 714 [2010]; Matter of Chantelle TT., 281 AD2d 660, 662 [2001]). Respondent's remaining contentions, to the extent not already addressed, have been examined and found to be lacking in merit.

Garry, J.P., Egan Jr. and Mulvey, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court