*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                521249
_____

In the Matter of DIMITRIS J.,
    Alleged to be an Abandoned
    Child.

BROOME COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                        MEMORANDUM AND ORDER
                    Respondent;

SARAH J.,
                    Appellant.
_____

Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

_____


     Lisa A. Natoli, Norwich, for appellant.

     Thomas P. Coulson, Broome County Department of Social
Services, Binghamton, for respondent.

     Mary Jane Murphy, Binghamton, attorney for the child.

_____


McCarthy, J.P.

     Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered May 22, 2015, which granted petitioner's
application, in a proceeding pursuant to Social Services Law
§ 384-b, to adjudicate Dimitris J. to be an abandoned child, and
terminated respondent's parental rights.

     Respondent is the mother of Dimitris J. (born in 2010), who
was removed from respondent's care in March 2013 based upon
allegations of neglect.  Petitioner commenced this proceeding to

terminate respondent's parental rights in January 2015 on the ground of abandonment. Following a fact-finding and dispositional hearing, Family Court determined that respondent had abandoned the child and terminated her parental rights.[1] Respondent appeals.

We affirm. "A finding of abandonment is warranted when it is established by clear and convincing evidence that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the filing of the [abandonment] petition" (Matter of Dustin JJ. [Clyde KK.], 114 AD3d 1050, 1050 [2014] [internal quotation marks and citation omitted], lv denied 23 NY3d 901 [2014]), "although able to do so and not prevented or discouraged from doing so by [petitioner]" (Matter of Carter A. [Jason A.], 111 AD3d 1181, 1182 [2013] [internal quotation marks and citation omitted], lv denied 22 NY3d 862 [2014]; see Matter of Annette B., 4 NY3d 509, 513 [2005]). Respondent's ability to maintain contact, to visit and to communicate with her child is presumed in the absence of evidence to the contrary (see Social Services Law § 384-b [5] [a]; Matter of Erving BB. [Lynette EE.], 111 AD3d 1102, 1103 [2013]). Once petitioner establishes respondent's failure to maintain contact, the burden shifts to respondent "to prove an inability to maintain contact or that . . . she was prevented or discouraged from doing so by the petitioning agency" (Matter of Erving BB. [Lynette EE.], 111 AD3d at 1103 [internal quotation marks and citation omitted]; see Matter of Carter A. [Jason A.], 111 AD3d at 1183).

Petitioner presented the testimony of the child's caseworker and family specialist who attested that, during the relevant six-month period, respondent did not visit the child, request visits or communicate with petitioner regarding the child. Both testified that they did not impede or discourage her contact with the child at any point. The caseworker testified that, just prior to the relevant period, the time for respondent's weekly Saturday visits with the child was changed at

---

[1] According to Family Court, the father's rights were terminated in a separate proceeding.

her request so that she could take the bus, but she did not attend any of the visits and last visited with him in April 2014. Respondent visited with her two older children on a weekday but did not, during those visits or at any other time, ask about visits with the child or to change her visit schedule with the child. She did not communicate in any manner with the child during this period or inquire as to his well-being with the caseworkers and, while the child's progress was occasionally mentioned, respondent did not initiate conversations about him or ask for the foster mother's contact information. Respondent testified, admitting that she had no contact with the child after October 2014, but claimed that she had requested visits with him and asked about him at her visits with her other children. She testified that, during the first three months of the relevant period, she was unable to attend the visits with the child, which had been rescheduled at her request, because she had no transportation, but admitted that she had avoided visits with him during the last three months of this period because there was an outstanding warrant for her arrest. Respondent stated that her friend drove her to the weekday visits with the other children, but could not drive her on weekends; respondent admitted that she did not request that her visits with the child be moved to a weekday when her friend was available and willing to drive her.

The testimony of petitioner's caseworkers, which Family Court credited, established by clear and convincing evidence respondent's abandonment of the child (see Matter of Erving BB. [Lynette EE.], 111 AD3d at 1103). Although respondent testified that she lacked transportation to attend visits in the first three months, she provided no explanation for why she made no efforts to request a change in the visitation schedule, as she had done previously, when her friend could drive her; while she lived within a short walk to the bus stop, she offered no compelling reason why she could not take the bus to the visits or request assistance with bus fare. To the extent that respondent claimed that she inquired about and requested visits with the child during her visits with her other children, Family Court credited the caseworkers' testimony to the contrary, and its determination in that regard is entitled to deference (see Matter of Dustin JJ. [Clyde KK.], 114 AD3d at 1051). Even if respondent's claims are credited, "sporadic and infrequent"

efforts do not defeat a finding of abandonment (Matter of Carter A. [Jason A.], 111 AD3d at 1183 [internal quotation marks and citation omitted]).  As the record fully supports Family Court's determination that respondent was able to communicate with the child or petitioner and to visit him and was not prevented or discouraged from doing so by petitioner (see Matter of Jazmyne OO. [Maurice OO.], 111 AD3d 1085, 1087-1088 [2013]), we discern no basis upon which to disturb the court's determination that she abandoned the child.

Rose, Devine, Clark and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court