Egan Jr., J.
Appeals from two orders of the Family Court of Albany County (Maney, J.), entered December 11, 2015 and February 10, 2016, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent’s parental rights.
The child who is the subject of this proceeding was born in 2013 and has been in petitioner’s custody since he was five days old. In February 2014, respondent, who presently is incarcerated at Clinton Correctional Facility, was declared to be the child’s father. According to the child’s mother, she and respondent are now married, although the date of that union is not set forth in the record.
On May 4, 2015, petitioner commenced this proceeding seeking to terminate respondent’s parental rights — alleging that respondent had abandoned the child by failing to communicate with either the child or petitioner for a period of six months despite an ability to do so. Following a fact-finding hearing, at which respondent appeared and testified, Family Court adjudicated the child to be abandoned, and the matter was scheduled for a dispositional hearing. The mother appeared at the hearing and executed a judicial surrender of her parental rights; informed that respondent was prepared to do the same, Family Court issued an order to produce respondent at a later date for that purpose. On the appointed date, however, respondent refused to be produced, and counsel indicated that respondent no longer wished to surrender his parental rights. Family Court then dispensed with the dispositional hearing and terminated respondent’s parental rights. This appeal ensued.*
We affirm. “A finding of abandonment is warranted when it is established by clear and convincing evidence that, during the six-month period immediately prior to the date of the filing of the petition, a parent evinces an intent to forego his or her parental rights as manifested by his or her failure to visit or communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by that agency. In this regard, a parent’s ability to maintain contact with his or her child is presumed — including a parent who is incarcer *1190 ated” (Matter of Colby II. [Chalmers JJ.], 140 AD3d 1484, 1484-1485 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Dustin JJ. [Clyde KK.], 114 AD3d 1050, 1050 [2014], lv denied 23 NY3d 901 [2014]). “Once petitioner establishes that a parent failed to maintain sufficient contact with a child for the statutory period . . . , the burden shifts to the parent to establish that he or she maintained sufficient contact, was unable to do so, or was discouraged or prevented from doing so by petitioner” (Matter of Colby II. [Sheba II.], 145 AD3d 1271, 1272 [2016] [internal quotation marks and citations omitted]; see Matter of Dimitris J. [Sarah J.], 141 AD3d 768, 769 [2016]).
Here, petitioner’s caseworker testified that, during the six-month period at issue (Nov. 4, 2014 through May 4, 2015), respondent sent one letter to petitioner (dated Feb. 22, 2015) inquiring as to the child’s well-being and requesting that the child be brought to Clinton Correctional Facility for a visit. The caseworker testified that she sent a written reply to respondent, wherein she denied the visitation request (due to the age of the child and the travel time involved), but advised that the child was doing well. According to the caseworker, she received no further communication from respondent during the six-month period at issue — a point that respondent conceded on cross-examination — and, to her knowledge, respondent did not send any cards or letters directly to the child during that period. The caseworker also testified that she made no attempt to discourage respondent from communicating with her or the child. Similar testimony was offered from the case planner and the parent aide who supervised the mother’s visits with the child, each of whom testified that, although respondent had their contact information, they did not receive any communication from him during the relevant time period. Such proof, in our view, was sufficient to establish that respondent failed to maintain contact with the child and/or petitioner during the statutory period, thereby shifting the burden to respondent to demonstrate that he was either unable to or prevented/ discouraged from doing so.
According to respondent and the mother, respondent would call the mother during her supervised visits with the child and the mother would put respondent on speaker phone so that the child could hear him. Although respondent testified that this occurred on “at least 16” occasions during the six-month period, petitioner’s witnesses testified — and the mother agreed— that the mother had only 10 supervised visits with the child during this time period, and neither of the supervisors could *1191 recall whether respondent called during those visits. As to any additional efforts at communication, respondent conceded that he neither reached out to petitioner’s caseworker after his February 2015 request for a prison visit was denied nor filed a petition in Family Court seeking visitation with his son and, further, acknowledged that he did not send any cards or letters to the child during the relevant time period. Notably, “incarceration alone does not excuse respondent’s failure to contact his child, and the record as a whole fails to demonstrate that whatever hardship such incarceration posed so permeated respondent’s life as to make contact with his child unfeasible” (Matter of Shannon QQ., 262 AD2d 679, 680 [1999] [citations omitted]; see Matter of Dustin JJ. [Clyde KK.], 114 AD3d at 1051).
To our analysis, respondent’s proof — if credited and at best— amounts to the sort of “sporadic, infrequent and insubstantial contacts” that this Court repeatedly has deemed to be insufficient to defeat a finding of abandonment (Matter of Colby II. [Chalmers JJ.], 140 AD3d at 1485 [internal quotation marks, brackets and citations omitted]; see Matter of Dustin JJ. [Clyde KK.], 114 AD3d at 1051; Matter of Carter A. [Jason A.], 111 AD3d 1181, 1183 [2013], lv denied 22 NY3d 862 [2014]; Matter of Jazmyne OO. [Maurice OO.], 111 AD3d 1085, 1087 [2013]; Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1615-1616 [2012], lv denied 19 NY3d 812 [2012]). Further, even accepting that petitioner broached the subject of having respondent surrender his parental rights, this alone does not support respondent’s claim that petitioner discouraged him from maintaining a relationship with his son. Inasmuch as the child has been in foster care since shortly after his birth in 2013, the mother has executed a judicial surrender of her parental rights and respondent’s earliest release date is not until some point in 2022, petitioner cannot be faulted for attempting to pursue a permanency plan that would afford the child some measure of stability. Accordingly, we discern no basis upon which to disturb Family Court’s finding that respondent abandoned his son.
As for Family Court’s decision to dispense with a disposi-tional hearing, we need note only that Family Court is not required to hold such a hearing in a proceeding of this nature and, upon consideration of all of the attendant circumstances, we perceive no abuse of Family Court’s discretion in declining to do so here (see Matter of Colby II. [Chalmers JJ.], 140 AD3d at 1486-1487). Respondent’s remaining contentions, including his assertion that Family Court abused its discretion in precluding him from introducing evidence of contact outside of the six-month period, have been examined and found to be lacking in merit.
*1192 Garry, J.P., Rose, Devine and Aarons, JJ., concur.
Ordered that the appeal from the order entered December 11, 2015 is dismissed, without costs. Ordered that the order entered February 10, 2016 is affirmed, without costs.

 Respondent’s appeal from Family Court’s fact-finding order is not ap-pealable as of right (see Family Ct Act § 1112 [a]) and, as such, that appeal must be dismissed (see Matter of Samuel DD. [Margaret DD.], 123 AD3d 1159, 1160 n 2 [2014], lv denied 24 NY3d 918 [2015]). However, respondent’s appeal from the dispositional order brings up for review the determinations made in the fact-finding order (see id.).