Matter of Nevaeh W. (Richard W.--Shaniece F.) (2020 NY Slip Op 02883)





Matter of Nevaeh W. (Richard W.--Shaniece F.)


2020 NY Slip Op 02883


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Friedman, J.P., Gische, Kapnick, González, JJ.


16280/14 11521 -1390/16 11520

[*1] In re Nevaeh W., A Dependent Child Under Eighteen Years of Age, etc., Richard W., Respondent-Appellant, Shaniece F., Respondent-Appellant, Heartshare St. Vincent's Services, et al., Petitioners-Respondents.


The Law Offices of Salihah R. Denman, PLLC, Harrison (Salihah R. Denman of counsel), for Richard W., appellant.
Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for Shaniece F., appellant.
Wingate Kearney & Cullen, LLP, Brooklyn (Kristin L. Williams of counsel, for Heartshare St. Vincent's Services and Commissioner of Social Services of the City of New York, respondents.
Larry S. Bachner, New York, and Kenneth M. Tuccillo, Hastings on Hudson, attorneys for the child.



Order of disposition, Family Court, Bronx County (Elenor C. Reid, J.), entered on or about October 17, 2018, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody of the child to petitioner Heartshare St. Vincent's Services and the Commissioner of Social Services of the City of New York for purposes of adoption, and found that respondent father was a notice-only father; and order, same court and Judge, entered on or about September 13, 2018, which dismissed respondent father's petition for custody of the subject child, unanimously affirmed, without costs.
Petitioner demonstrated, by clear and convincing evidence, that the child was "permanently neglected" within the meaning of Social Services Law § 384-b(7)(a). We reject the mother's contention that petitioner improvidently exercised its discretion in focusing on the statutory time period, from the child's placement in foster care, mere days after she was born, for the purpose of establishing permanent neglect, and that the agency failed to make diligent efforts to strengthen and encourage the parent-child relationship (see § 384-b[7][f]; Matter of Star Leslie W., 63 NY2d 136, 140 [1984]). To the contrary, petitioner formulated a service plan which included parenting skills and anger management classes, individual counseling, submission to mental health evaluations, as well as regular visitation with the child (see e.g. Matter of Justina Rose D., 28 AD3d 659, 659-660 [2d Dept 2006]). Notwithstanding the agency's efforts, the mother failed to complete her service plan or visit consistently with the child, and failed to reasonably and feasibly plan for the child's return (see Matter of Justin I.B. [Natalie B.], 99 AD3d 897 [2d Dept 2012]). The mother's partial compliance with her service plan was insufficient to preclude a finding of permanent neglect (see Matter of Diana L., 299 AD2d 359 [2d Dept 2002]).
At the time of the dispositional hearing, the child had been residing in her long-term foster home for more than eight years, the entirety of her life, with her foster parents, the only family she had ever known. The child was bonded to her foster family, and they had met all of her needs (see e.g. Matter of Jazmin Marva B. [Cecile Marva B.], 72 AD3d 569 [1st Dept 2010]). On the other hand, the mother put forth no evidence to demonstrate that she was in any way able to care for the child, whom she has never cared for, and visited only inconsistently, having not seen the child for a year at the time of disposition. There was no evidence that the mother addressed the issues that led to the child's placement in care; thus, a suspended judgment was not appropriate (see Matter of Christopher T.[Margarita V.], 94 AD3d 900, 901 [2d Dept 2012], lv denied 20 NY3d 858 [2013]). The court properly, in the child's best interests, terminated her parental rights and freed the child for adoption.
The father failed to prove that he both supported the child within his means and maintained either regular contact or communication with the child or the child's custodian (Matter of Charle Chiedu E. [Chiedu E.], 87 AD3d 1140 [2d Dept 2011]). Thus, his consent for the child's adoption was not required, and it was in the child's best interests to be freed for adoption.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK