Matter of Joseph D. (Joseph PP.) (2021 NY Slip Op 02573)





Matter of Joseph D. (Joseph PP.)


2021 NY Slip Op 02573


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

529883
[*1]In the Matter of Joseph D., Alleged to be an Abandoned Child. Sullivan County Department of Family Services, Respondent; Joseph PP., Appellant.

Calendar Date:March 9, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Cliff Gordon, Monticello, for appellant.
Sullivan County Department of Family Services, Monticello (Michael Andreani of counsel), for respondent.
Marcia Heller, Rock Hill, attorney for the child.



Garry, P.J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered October 2, 2019, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent's parental rights.
Respondent is the father of the subject child (born in 2015), who has been in petitioner's custody since May 2017. In March 2019, petitioner commenced this proceeding to terminate respondent's parental rights based upon abandonment. Following a fact-finding hearing, Family Court determined that respondent had abandoned the child and terminated his parental rights. Respondent appeals.
"A finding of abandonment is warranted when it is established by clear and convincing evidence that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the filing of the abandonment petition, although able to do so and not prevented or discouraged from doing so by petitioner" (Matter of Colby II. [Sheba II.], 145 AD3d 1271, 1272 [2016] [internal quotations marks and citations omitted]; see Social Services Law § 384-b [5] [a]). A parent's ability to communicate with the child is presumed, even if the parent is incarcerated (see Social Services Law § 384-b [5] [a]; Matter of Damien D. [Ronald D.], 176 AD3d 1411, 1411-1412 [2019]; Matter of Colby II. [Chalmers JJ.], 140 AD3d 1484, 1485 [2016]; Matter of Le'Airra CC. [Christopher DD.], 79 AD3d 1203, 1204 [2010], lv denied 16 NY3d 706 [2011]). "Once [the] petitioner establishes that a parent failed to maintain sufficient contact with a child for the statutory period of six months, the burden shifts to the parent to establish that he or she maintained sufficient contact, was unable to do so, or was discouraged or prevented from doing so by [the] petitioner" (Matter of Colby II. [Sheba II.], 145 AD3d at 1272 [internal quotation marks and citations omitted]; see Matter of Damien D. [Ronald D.], 176 AD3d at 1412; Matter of Dimitris J. [Sarah J.], 141 AD3d 768, 769 [2016]). In abandonment proceedings, the agency "is under no obligation to exercise diligent efforts to encourage a parent to establish a relationship with his or her child" (Matter of Devin XX., 20 AD3d 639, 640 [2005]; see Social Services Law § 384-b [5] [b]; Matter of Ryan Q. [Eric Q.], 90 AD3d 1263, 1265 [2011], lv denied 18 NY3d 809 [2012]).
It is undisputed that, during the six months preceding the filing of the abandonment petition, respondent did not visit with the child, call him, or send him any letters, gifts or cards, even for his birthday or Christmas. Respondent sent petitioner three letters [FN1] asking petitioner to contact his criminal defense attorney regarding a visitation plan. Petitioner's caseworker testified that she did not contact that attorney, who she was informed did not represent respondent in Family Court. Respondent's "sporadic and insubstantial contacts were insufficient [*2]to preclude a finding of abandonment and the burden, therefore, shifted to respondent to demonstrate that he was unable to maintain contact with the child or, if able, was prevented or discouraged from doing so by petitioner" (Matter of Ryan Q. [Eric Q.], 90 AD3d at 1264; see Matter of Kayson R. [Christina S.], 166 AD3d 1346, 1347 [2018]).
Respondent testified that he would not want the child to visit in the jail environment.[FN2] Respondent also testified that he wrote letters to the child that he did not send, but the three letters he sent to petitioner demonstrated his ability to communicate through the mail. He also filed a petition in Family Court seeking visitation, though he did so just one day before petitioner filed its abandonment petition. Accordingly, respondent failed to meet his burden (see Matter of Colby II. [Chalmers JJ.], 140 AD3d at 1485-1486). Moreover, respondent's statements that he wanted to be part of the child's life do not preclude a finding of abandonment, as this subjective intent was not supported by proof of parental acts manifesting such intent (see Social Services Law § 384-b [5] [b]; Matter of Ryan Q. [Eric Q.], 90 AD3d at 1265). Thus, the finding of abandonment was warranted (see Matter of Colby II. [Chalmers JJ.], 140 AD3d at 1486; Matter of Ryan Q. [Eric Q.], 90 AD3d at 1265).
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The third letter was a copy of, and sent one day later than, the second letter, apparently because part of the second letter had been cut off. Hence, respondent sent petitioner only two different letters.

Footnote 2: Respondent has been successively incarcerated; although he had a limited period of liberty while his son has been in foster care, he did not visit during that time.